MYGATT v. ZALINSKI et al.

(Circuit Court, S. D. New York. May 17, 1905.)

PATENTS—DESIGNS—LAMP SHADES.

 The Mygatt design patent, No. 32,685, for a design for a lamp shade or reflector, discloses novelty and invention, and is valid. Also *held* infringed.

Suit for the alleged infringement of a design patent for reflectors of artificial light No. 32,685, dated May 22, 1900, and granted to Otis A. Mygatt. The defendants' counsel in his points says: "The defendants deny the validity of the patent, and they deny infringement. No other question presented by the pleadings is of importance at this stage of the case."

Taylor, Anderson & Seymour (Howard Taylor and Francis H. Kinnicutt, of counsel), for complainant.

Simon L. Adler (James A. Hudson, of counsel), for defendants.

RAY, District Judge. The complainant claims "the design for a lamp shade or reflector, as herein shown and described." The specifications say, among other things:

"My design consists in a new and original shape or configuration of an article of manufacture known as a 'reflector' or 'shade' for an artificial light, and in a new and original ornament or form of ornamentation of such a manufacture. * * * As shown in the drawings, the shape or configuration of my design is in general that of a frustum of a cone, A, with a central opening, above which is a circular collar or tube, B, with an opening therein. The lower or inside face of the reflector or shade is smooth. The upper surface has prismatic ribs, as indicated at C, such ribs constituting surface ornamentation of the shade, and extending from near the outer edge toward the center. The material of which this shade is composed is translucent, such as glass, and the same may be tinted. The tint in the glass adds to the iridescent or spectral effect of a light shining through the translucent material on the prismatic ribs. The shade or reflector is intended to be suspended slightly above an artificial light or lamp, and the light rays rising from the light pass through the transparent material, and are reflected or refracted by the prismatic ribs on the upper surface thereof, producing an ornamental and useful distribution of the light rays which pass through and also of the rays which are reflected from the shade or reflector."

This lamp shade or reflector is both useful and highly ornamental. It is seen to great advantage, even in daylight, when placed in the position designated near an artificial light. That it is useful as well as ornamental does not affect its patentability as a design patent. In open court the complainant's reflectors made according to the patent were produced and placed in the position designated. It was clearly apparent to the court that the reflectors "fill the bill" —are all that is claimed. The evidence fully sustains the claims of the patent.

The defendants contend that there is no infringement for the reason that the complainant is confined to a shade of the exact angle shown in the drawings of the patent. This is not the law. Ripley v. Elson Glass Co. (C. C.) 49 Fed. 927. The defendants are making and selling substantially what the complainant is making and selling or is authorized by his patent to make and sell. True, in some, if not all, the angle is changed; the edge is curved or beaded, and in some there are other slight changes, but these changes are evidently made to be used in justifying the infringement if possible. The defendants' shades or reflectors are bald appropriations of the complainant's patent. Slight changes are made which add nothing to the ornamentation, but rather detract therefrom. These, however, enable the defendants to say our shade or reflector is different from yours; therefore we do not infringe. The defendants say, recognizing the merit of complainant's patent:

"Our contention here is that while it is doubtless true that Mygatt has produced an article of manufacture of transparent glass that is more efficient as a reflector than any transparent glass lamp shade previously in use, it is equally true that the increased efficiency of his production is not due to anything either in shade body or surface ornamentation, or to a combination

of the two, that could be properly made the subject-matter of a design patent at the time when his application was filed."

In Weisgerber v. Clowney (C. C.) 131 Fed. 480, it was said:

"There may be no objection to the article to which it relates being useful as well as ornamental, but the attempt to patent a mechanical function, under cover of a design, is a perversion of the privilege given by the statute."

This is quite true but this court fails to discover any attempt here to patent a mechanical function. True, it is when the artificial light is turned on that the reflector shows to its great advantage; but the patent is not for a machine to make light look pretty, but for a design in the shade or reflector that will make it exceedingly handsome and ornamental when in use. Clearly the patent is not void for want of invention. It is not claimed that "the patent is generic as to form of configuration of the shade body—embracing all frustums of cones." All the world, so far as this patent is concerned, is at liberty to make lamp shades or reflectors in the shape of the frustum of a cone. But when to a reflector of that general shape or form is added the other elements of the complainant's patent, using the same material, we have infringement. Here the defendants fall into error. They say we may use the frustum of a cone shape; we may use a circular collar with an opening; we may use the smooth inside face; we may use the prismatic ribs; we may have them long or short, as we elect; therefore we may use them in the combination indicated by the complainant's patent. This cannot be so if any design patent is to be held valid. It is of course true that the complainant must stand here upon the novelty, utility, etc., of his patent as an ornament, etc.; that is, upon the design, not the utility, of the shade as such or as a reflector of light for illuminating purposes.

The court is of the opinion that the patent is valid and that defendants infringe. There will be a decree for an injunction and an accounting.