## MYGATT v. McARTHUR et al.

(Circuit Court, S. D. New York. February 7, 1906.)

**1. PATENTS—INVENTION—REFLECTOR FOR INCANDESCENT LAMPS.**

The Goodchild patent, No. 634,295, for a reflector for incandescent lamps which fits over and is removably supported by the flaring upper portion of the lamp bulb, is void for lack of patentable invention, in view of the prior art.

**2. SAME—DESIGN PATENT—LAMP REFLECTORS.**

The Mygatt design patent, No. 35,755, for a design for a reflector for artificial lights, was not anticipated, and discloses invention. Also *held* infringed.

In Equity. Suit to restrain alleged infringement by defendants of two patents (U. S.), one a mechanical patent, and the other a design patent, but each relates to reflectors for artificial lights. The complainant alleges that defendants infringe both patents by the sale of the one article, a reflector for artificial lights.

Howard Taylor (Francis H. Kinnicutt, of counsel), for complainant.

Thomas Ewing, Jr. (George H. Gilman, of counsel), for defendants.

RAY, District Judge. The mechanical patent in suit, No. 634,295, dated October 3, 1899, to Goodchild, "Reflector for Incandescent Lamps," is much more formidable in words than in substance or complexity of construction. It has three claims, reading as follows:

"(1) The combination with the bulb of an incandescent lamp, of a light-reflector, which fits snugly but removably over the external surface of the downwardly-flared upper part of said bulb and is supported wholly and directly thereon, substantially as and for the purpose set forth.

"(2) The combination with the bulb of an incandescent lamp, of a removable reflector, B, inclosing and snugly fitting the external surface of the upper, downwardly-flared portion of the bulb, said reflector being supported wholly and directly on the bulb and extending down about to the point where the bulb is largest in diameter, substantially as set forth.

"(3) The combination with the bulb, A, of an incandescent lamp, of a removable, glass reflector, embracing and housing the bulb, and supported

wholly on the downwardly-flaring upper portion of the same, said reflector fitting the outer surface of the bulb and having an outwardly-turned marginal lip at its lower edge, substantially as set forth."

In the specifications we find the following:

"This invention relates to reflectors used in connection with the bulbs of incandescent electric lights. Among the various forms of reflectors for this class of lamps, one is provided by silvering the upper part of the bulb down to a point near the largest diameter of the same, leaving the lower portion of the bulb clear all around. Another construction, which is designed, mainly, for a shade, incloses the upper half of the bulb all around with a shade of colored glass, which is afterward united integrally with the glass of the bulb by heat. These devices perform their functions, but, being integral with or inseparably connected with the bulb, are necessarily discarded with the bulb when the filament of the latter is burned out. The object of the present invention is to provide a reflector of the form of the downwardly-flared upper part of the bulb and adapted to fit rather snugly about such part of the same; said reflector being supported wholly on the bulb by the downwardly-flaring shape of the latter, and having a suitable reflecting-surface, such as a silvered-surface, for example. * * * The reflector, B, is constructed to fit quite snugly over and incloses the upper part of the bulb; but it may be readily lifted off and replaced, the smaller end thereof being of sufficient size to pass over the socket-plug, a. The reflector is supported wholly on the bulb and by contact with its flared surface. At its lower edge the reflector may have a projecting marginal lip, b, and the reflecting-surface may extend out and over this lip. * * * An advantage of this reflector is that, while it is readily removable and may be taken from a discarded bulb and put on a fresh one, thus obviating the loss of a reflector with each bulb, yet it does not require (as do most reflectors) some special form of lamp having means for securing it to the metal socket or plug, as it drops over and is supported entirely on the bulb itself. This adapts it to any ordinary incandescent bulb, and also enables it to be produced very economically."

Reflectors for artificial light of all appropriate shapes, and of the shape of the one in suit, are very old and very common. The round hole in the top for the insertion of the upper end of the lamp is also very old and common. We find in the prior art such reflectors so constructed as to admit the glass lamp chimney, which is always round and made of larger circumference, near the flame of the lamp, and the chimney, passing through the hole in the reflector, allows the latter to rest upon it and to be supported thereby. When the shade or reflector is of noncombustible material, nothing more is necessary; but, when the shade or reflector is of some combustible material, a rim is added at the opening, which prevents contact with the heated chimney and prevents combustion. As these incandescent lamps are bulb like in form and have a neck smaller than the lower portion, and are also round like a lamp chimney, the neck portion passes through the opening in the upper part of the reflector until the swell of the lamp prevents further entrance. Then the round hole is filled by the round lamp, and the one fits the other, and the reflector is necessarily supported by the lamp. If the reflector is too heavy, it will pull the lamp from the contact socket, and this is the only or main reason why the reflector is usually attached to the contact socket into which the lamp fits. The idea of a round substance, whether hollow or solid, fitting into a round hole or aperture or opening, is very, very old. This court is unable to find invention in this combination or construction. In view of the prior art, the mechanical patent does not disclose invention, and is void.

The design patent, No. 35,755, dated February 18, 1902, "Design for Reflector for Artificial Lights," issued to Otis A. Mygatt, is as follows:

"Be it known that I, Otis A. Mygatt, residing at New York, in the county of New York and state of New York, have invented and produced a certain new and useful design for a reflector for artificial lights, of which the following is a specification; reference being had therein to the accompanying drawing. The design relates to the form or configuration and the surface ornamentation of a transparent reflector for artificial lights. The figure is a side elevation of the reflector embodying the design. The reflector is composed of transparent glass, and the form is that of the frustum of a cone, A, surmounted by a ring, B, of substantially ogee form, as shown. The outer surface of the reflector is practically covered by spirally-arranged projecting ribs extending from near the top of the frustum to near the lower edge thereof and terminating at the lower edge in small beads, D. What I claim, and desire to secure by letters patent, is—the design for a transparent reflector for artificial lights, as shown and described."

This court recently considered and held valid a similar design patent, No. 32,685. See Mygatt v. Zalinski (C. C.) 138 Fed. 88. That decision has been acquiesced in. This is a different design, but all that was said there on the question of validity applies here. So of infringement. Defendant makes the same thing, uses the same design, except that a slight cut is made around the reflector about half way from the upper to the lower edge of the reflector. This slight change which slightly impairs the design of complainant's patent, but appropriates it bodily, does not avoid the charge of infringement. The defendant calls its reflector a "hood," but a change of name does not avoid infringement. The defense of anticipation is not made out.

The design patent is valid, and is infringed by defendant. The complainant is entitled to a decree accordingly, and for an accounting, with costs.