### MYGATT v. M. SCHAFFER–FLAUM CO.

(Circuit Court, S. D. New York. September 2, 1910.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LAMP SHADE.
    The Mygatt patent, No. 821,306, for a prismatic glass lamp shade or reflector, *held* valid and infringed, on motion for a preliminary injunction.

In Equity. Suit by Otis A. Mygatt against the M. Schaffer-Flaum Company. On motion for preliminary injunction on United States patent 821,306 and design patent 37,983 for prismatic reflectors. Motion granted.

Howard Taylor, for complainant.
Leslie R. Palmer, for defendant.

LACOMBE, Circuit Judge. The disposition of the design patent may be left to final hearing. As to the mechanical patent the defendant's affidavits are voluminous and the exhibits of prior art devices are very numerous. The conflicting testimony is largely scientific, and a safer conclusion on the whole case can best be reached at final hearing after cross-examination of the witnesses, and it would seem not difficult for defendant to introduce its testimony within a reasonably short time. The showing here made as to the prior art tends to the same conclusion as that expressed by Judge Hough in Mygatt v. Gilbert:

"[It appears] to show applications of the known laws of refraction and reflection of beams of light, a knowledge which has been practically and commercially applied for at least as long as the use of Fresnel's devices for lighthouse lanterns, but [does not] appear [to anticipate the intelligent] combination of diffusion and reflection in an integral glass shade reflector, which is. the essence of the present patent."

---

Moreover, the testimony as to acquiescence is quite persuasive.

Complainant may take order for preliminary injunction as to patent 821,306,· but injunction will be suspended until October 15, 1910, to give defendant an opportunity to complete its proofs for final hearing.

NOTE.—The following is the opinion in the case of Mygatt v. Gilbert, handed down by Hough, District Judge, in the Circuit Court of the United States for the Southern District of New York:

HOUGH, District Judge. The decision on demurrer made by Judge Hazel constrains me to assume the negative of every proposition advanced on behalf of Gilbert in that proceeding. I therefore find that reissued letters patent No. 12,358 do upon their face disclose a patentable invention, and are upon their face valid and effective, also, that said reissued patent does not unduly broaden the claim of patent No. 763,688, nor is such patent anticipated by the Blondel patent, No. 563,836, Mygatt, Nos. 705,426, 763,689, and 687,848. An examination of the defendant's shade reveals a most palpable imitation of, and, in respect of its bell or flaring mouth, absolute identity of construction with, the complainant's patented article.

With respect to the collar, or upper portion of the shade, there is clearly an intended imitation calculated to deceive the public, and this imitation is the life of defendant's trade. In his price list he declares that his hood is known as the "prism hood," that it is "newly invented," and that it is made of "prismed crystal glass." The conduct of the defendant in refusing to identify and acknowledge as his own the publication from which the foregoing extracts have been made is an indefensible prevarication, and renders all statements by the defendant herein to me wholly unconvincing. If the statements of the defendant made to the trade and public by his price list are true, he is beyond all question an infringer upon several of the claims of the complainant's patent.

He now produces, however, the affidavit of an expert, who in pointing out the differences between the complainant's and defendant's products admits that "defendant's device has external reflecting prisms on the lower portion of the reflector," but asserts that: "The upper portion [collar] has no prisms at all and much less circumferential diffusion prisms. The projections on the external surface of the neck [collar] of defendant's device are lens-shaped knobs. * * * These lens-shaped knobs are materially different in arrangement and function from the circumferential diffusion prisms of complainant's patent."

Thus the defendant's position upon this application is that, while he holds himself out to the world as manufacturing a shade which by an arrangement of prisms reflects and diffuses light in a highly desirable manner, for the purposes of this litigation he claims that the diffusion portion of his shade contains no prisms, but merely lenticular knobs.

From my own investigation of the exhibits submitted, I incline to the opinion that the neck or collar of defendant's product contains no prisms, and is not (as claimed in his circular) a scientific arrangement at all, but merely an old and well-known method of ornamenting glass, to which his advertisements give a scientific merit it does not possess.

I am unable to find, therefore, that this defendant is as much of an infringer as he claims, to be by his advertising circulars, as I do not think that his device infringes the second and third claims of the patent in suit; but, however imperfectly, the neck or collar of the defendant's shade is provided with "light directing surfaces permitting the light rays to pass through and out of the glass," and I am therefore of opinion that he does infringe the fourth and fifth claims of said reissued letters patent No. 12,358.

I have carefully examined the patents offered by the defendant in so far as they are not referred to by the demurrer. They appear to me to show applications of the known laws of refraction and reflection of beams of light, a knowledge which has been practically and commercially applied at least as long as the use of Fresnel's devices for lighthouse lanterns; but none of them

appear to me to anticipate the combination of diffusion and reflection in an integral glass shade reflector, which is the essence of the present patent.

Within the ruling in Palmer v. Wilcox Manufacturing Co. (C. C.) 141 Fed. 378, the complainant is entitled to an injunction upon giving a bond in the amount of $2,000, conditioned that in the event of defendant's success on final hearing complainant will pay all damages resulting from the operation of the preliminary injunction hereby allowed.