MYGATT v. M. SCHAFFER–FLAUM CO.

(Circuit Court, S. D. New York. February 8, 1911.)

1. PATENTS (§ 328*)—INFRINGEMENT—ELECTRIC LIGHT REFLECTOR.

The Mygatt patent, No. 821,306, for a prismatic reflector for electric lights composed of a single piece of glass having external reflecting prisms parts of which are cut away in definite patterns to permit the light to pass through, in view of the prior art, cannot be construed to cover any interruption of the reflecting prisms in definite patterns, but must be limited to the particular patterns shown. As so construed, *held* not infringed.

2. PATENTS (§ 328*)—INFRINGEMENT—DESIGN FOR LAMP REFLECTOR.

The Mygatt design patent, No. 37,983, for a design for a reflector for electric lights, *held* infringed.

In Equity. Suit by Otis A. Mygatt against the M. Schaffer-Flaum Company for infringement of patent No. 821,306 for a prismatic reflector, and design patent No. 37,983 for a design for a reflector. Decree for defendant on the first patent, and for complainant on the second.

See, also, 181 Fed. 399.

Mr. Taylor and Mr. Jackson, for complainant.

Mr. Dyrenforth and Mr. Lee, for defendant.

HOUGH, District Judge. While it is difficult, without reference to rather elaborate drawings, to describe with accuracy the object said to infringe the patents in suit, and to be the subject-matter of the same, it is admittedly a quite ordinary form of reflector-shade for electric lights, usually placed above the light bulb, and composed of a single piece of glass.

The mechanical patent relates to what this type of reflector does, and the design patent to how one particular reflector looks.

[1] In the language of the specification, the object of the mechanical invention is:

"To produce a reflector composed of glass in which reflection is accomplished by external prisms, but with the prismatic surface modified by the omission of parts of the reflecting prisms, the portions from the reflecting

---

prisms which are omitted permitting the passage of light. Where the reflecting prisms are omitted, the outer surface of the reflector may have light-directing facets, so that the light rays which pass through the glass are directed in determined directions."

Such being the object, these facts are then asserted by the patentee:

"By mutilating or removing parts of some of the prisms, light rays will be permitted to pass through the reflector at these parts, thus illuminating outside the reflector. By forming the outer surface of these parts of the reflector into light transmitting and directing facets or prisms instead of light returning or reflecting prisms, the light rays which pass through the reflector will be directed or distributed as desired. Such external illumination will be of course at the expense of the device as a complete reflector."

The result of these facets, and the attainment of the desired object, is thus described: The light-directing surfaces will "appear as bright bands, or as rows, or bright beadlike brilliants, or they may be made to represent characters." So that, finally:

"Highly-ornamental decorative effects may be produced by the present invention, as well as more complete control of the light rays. By permitting more or less light rays to pass through the reflector almost any distribution of light may be effected without changing the form of the reflector body."

The drawings accompanying the specification exhibit patterns of a very marked and definite character, placed upon the external reflector surface by cutting the reflector prisms. When not illuminated, the cuts or notches form a pattern; when illuminated, it would seem probable that such pattern would appear upon the outer surface outlined in points of light.

The claim relied upon is as follows:

"A reflector composed of a single piece of glass in form of a frustrum and having an open mouth, the outer surface having approximately vertical reflecting prisms by which light rays are returned and directed out at the open mouth, said reflecting prisms interrupted in parts in definite patterns, whereby definite portions of light, from definite parts of the reflector body, are permitted to pass through the reflector."

It must be admitted that this invention is to be read and construed in the light of (especially) the De Grand (British) patent, No. 553, of 1857; the Blondel patent, No. 563,836; and complainant's own reissued patent, No. 12,358. Without reference to any other patents, or to standard scientific works, the enumerated documents show a complete apprehension of the nature of light reflection by and tranmission through integral glass shades or covers for light sources.

The complainant therefore knew—and the public could use the knowledge—that any integral glass shade might by any one be covered externally with a series of reflecting prisms, which if properly arranged according to the known laws of optics would cause about 85 per cent. of the light from the light source to be reflected and allow about 15 per cent. to pass through. It was public knowledge also that the amount of light passing through might be greatly increased by changing the number, shape, and arrangement of the external reflecting prisms.

There was therefore comparatively small room left for the exercise of inventive faculty.

It was thought in Mygatt v. Gilbert (C. C.) 181 Fed. 400, that, when the reissued patent above mentioned and then in suit was taken out, there was room for invention in discovering a particular "combination of diffusion and reflection in an integral glass shade reflector"; but there certainly was not even then an opportunity to claim as an invention either the fact that an integral glass shade could be made both to diffuse and reflect, or any embodiment of that single fact. And confessedly this complainant's own earlier patent further narrowed the field for himself as well as for others.

When the patent in suit was applied for, it was necessary, therefore, to show as an addition to the sum of human knowledge, not any combination of diffusion and reflection, but some particular combination or arrangement of the same not only useful and new, but sufficiently ingenious to merit the name and receive the reward of invention. It seems evident from the quoted parts of his specification that what Mr. Mygatt had in mind in applying for this patent was this: He recognized the presumed public knowledge of the laws of optics, and recognized also what others as well as himself had done in the way of integral glass shades or reflectors, so that what he showed in his specification as new was the creation, by carefully arranged interruptions of prisms of certain devices or ornaments which would primarily attract and please the eye, would be caused or created by carefully directed light rays, and would incidentally increase transmitted illuminating rays as distinguished from reflected ones. This thought is fairly expressed in the claim above recited, for it is stated that the reflecting prisms are interrupted "in definite patterns."

The defendants have admittedly made or sold an integral glass shade or reflector; this they had a right to do. But they have also "interrupted" their reflecting prisms by a series of notches uniformly distributed along the top of each prism so that each of said prisms presents a serrated appearance. The complainant does not show in his application for the patent in suit any such construction as this; yet it is urged that defendant infringes because the effect of the serrations aforesaid is to "interrupt" the reflecting prisms "in definite patterns," and that the result of such interruptions is that "definite portions of light from definite portions of the reflecting body are permitted to pass through the reflector."

This assertion is correct, if the patent is broad enough to cover any diffusion or additional transmission of light through an integral glass reflector by means of any series of interruptions or mutilations in or upon external reflecting prisms. The question therefore becomes this: Can the patent cover any definite pattern created by any prism interruptions, or only patterns of the kind shown and produced by the sort of interruptions or mutilations specifically shown in the application? I think this question is sharply raised by the claim of infringement pressed.

There is what may be called a pattern on the upper or outer surface of defendant's reflector. Such pattern is formed by nicks or notches which are shallow interruptions or mutilations of the prisms upon which they are placed. To be sure, this pattern does not resemble any

pattern shown in the application, nor do the notches bear any close resemblance to the carefully cut facets or subprisms shown therein. Yet the result obtained is to exhibit a bespangled or bejeweled appearance. upon the outer surface of the reflector when a light source is placed beneath and there is an obvious increase in transmission of light as the result of *any* deformation of the external reflecting prisms. Therefore, if. broadly construed, the claim can probably be read upon defendant's reflector-shade.

There are at least two objections to construing the patent as broadly as complainant desires:

First. If any system of interrupted external prisms in an integral glass reflector be covered by this patent, then the patent cannot stand in the light of the previous art, for shades or reflectors known and described both commercially and in patents as prismatically ornamented have been introduced in evidence in great numbers.

Second. If patterns of any but the pronounced and simple forms shown in the application are to be covered by this patent, then the patent is not operative, for it is admitted that the light source for which the reflector in question is designed is the electric bulb of commerce (whether Tungsten or Edison). That light source is not a point, but a line of considerable length, and, when the diffusion or transmission of light in definite patterns as claimed is attempted in any but large and simple forms, the operation becomes provedly impossible. It is true that a ray of light from a very small light source can be reflected or transmitted almost at will; but, when the source is an inch or more in length, every prism face in the reflector must either reflect or transmit a light ray from every point on the light source. When this is true, such large and simple patterns as are shown in complainant's application may (and I incline to think would) be exhibited as brilliantly illuminated on the reflector's exterior; but, where the pattern consists merely of a multitude of notches on reflecting prisms originally calculated to throw back into the interior of the shade about 85 per cent. of the light output, the result must be, and has been proven to be, what complainant calls a "spraying of the ceiling," and defendant a "beady or jeweled exterior appearance." Both descriptions are apt; but neither applies to a "definite pattern" permitting definite portions of light from definite parts of the reflector body to pass through the reflector.

As construed, no infringement is shown. It is therefore unnecessary to pursue the question of validity further.

[2] As to the design patent, there is no denial that, if it be valid, it is infringed, for a more palpable imitation it would be hard to discover.

The present complainant has protected by such patents, a surprising variety of shapes in light shades of every kind, some of which differ from each other very slightly.

Whether it be politic or wise to protect by the formidable name of patent such and so numerous variants of a familiar article is no concern of this court. The abuse of a statute should be corrected by legislation, not construction.

The rules of construction have been recently and well stated in Phœnix Knitting Works v. Bradley, etc., Co. (C. C.) 181 Fed. 163, and Ashley v. Tatum Co. (C. C.) 181 Fed. 841.

Within these rules I do not think the eye of the average purchaser would be deceived by any antecedent form, and, in so far as such matters rest on adjudicated cases, the forms considered in Mygatt v. Zalinski (C. C.) 138 Fed. 88, and in Mygatt v. McArthur (U. S. C. C. Mem. Feb. 7, 1906) 143 Fed. 348, were as clearly akin as are any here under consideration.

Bill dismissed as to the mechanical patent and sustained as to design patent. Neither party will recover costs to and including this hearing. Costs of the reference (if any) to complainant.