## MYGATT v. M. SCHAUFFER–FLAUM CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

### No. 71.

1. PATENTS (§ 328*)—INVENTION—DESIGN FOR LAMP REFLECTOR.
   The Mygatt design patent, No. 37,983, for a design for a prismatic reflector for electric lights, is void for lack of invention, in view of design patent No. 37,967 to the same patentee.

· 2. PATENTS (§ 28*)—INVENTION—DESIGNS.
   To sustain a patent, whether for a mechanical construction or a design, it must appear that there was an exercise of the inventive faculties; and a mere change in construction, which shows no originality and adds no beauty to existing structures, is not sufficient to sustain a patent for a design.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 33; Dec. Dig. § 28.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Otis A. Mygatt against the M. Schauffer-Flaum Company for infringement of patents, including design patent No. 37,983, for a design for a prismatic reflector, granted to complainant May 1, 1906. Decree for complainant as to such patent (186 Fed. 343), and defendant appeals. Reversed.

Dyrenforth, Lee, Chritton & Wiles (P. C. Dyrenforth and John H. Lee, of counsel, and Leslie R. Palmer, on the brief), for appellant.

Howard Taylor and John G. Jackson, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1] The design in question is thus described in the specification:

"The reflector is composed of transparent glass of the form shown. Below the top collar the body is externally covered with reflecting ·prisms, as indicated in full lines in Fig. 1. These prisms show through the glass, as attempted to be indicated in dotted lines Fig. 2."

The claim is for "the ornamental design for prismatic-glass reflector, as shown and described."

On April 24, 1906, a patent for a similar design (No. 37,967) was granted to the complainant, the claim of the prior patent being for "the ornamental design for a reflector of the form

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shown having external reflecting-prisms, which are visible on the interior of the reflector, as described."

The difference between the two reflectors, whether from a mechanical or artistic point of view, is hardly perceptible to the ordinary beholder. The principal difference is that the reflector of the earlier patent is somewhat narrower at the base, giving a slightly more pronounced bell-shaped effect than in the patent in suit.

The prismatic feature is the same in both.

In view of the fact that a still earlier design patent to the complainant, dated February 13, 1906 (No. 37,825) describes and illustrates an "Illuminator" having a bell, apparently identical in shape with the bell of the patent in suit, though without the reflecting prisms, it cannot be contended that it required an exercise of the inventive faculties to make the bell of No. 37,967 slightly more flaring. The two designs are so nearly alike that we are unable to discover any patentable difference between them. The feature which presents the principal attractiveness, namely, the reflecting prisms, is present in both and we are not convinced that the difference in the flare of the bell would alone attract the attention of the purchaser.

[2] The pleasing impression upon the eye is present in both and is not changed, because the shape of the bell is slightly different. In order to sustain a patent, whether for mechanical construction or for design, it must appear that there was an exercise of the inventive faculties.

A mere change in construction which shows no originality and adds no beauty to existing structures is not sufficient to sustain a patent for a design. If this were otherwise, a mere mechanic by inconsequential changes in a structure which embodies a pleasing design could secure a patent for each change which he might make. Without reference to the other patents shown in the record, we are satisfied that in view of the prior patents to complainant, the patent in suit cannot be sustained.

The decree is reversed.