### BUFFALO SPECIALTY CO. v. ART BRASS CO.

(District Court. S. D. New York. April 13, 1912.)

In Equity, No. 6—183.

PATENTS (§ 328*)—VALIDITY—DESIGN FOR BATHTUB SEAT.

 The Robertson design patent, No. 29,993, for a design for a bathtub seat, when compared with the structures of the prior art, does not disclose the exercise of patentable invention, and is also void because the alterations did not result in giving the article any distinctively attractive appearance which is essential to the validity of a design patent.

In Equity. Suit by the Buffalo Specialty Company against the Art Brass Company. On final hearing. Decree for defendant.

E. G. Mansfield, of Buffalo (James L. Steuart, of New York City, of counsel), for complainant.

James B. Curtis, of New York City (O. W. Jeffery and Edmund Wetmore, both of New York City, and H. R. Williams, of counsel), for defendant.

HAZEL, District Judge. The bill charges infringement of a design patent for a bathtub seat granted to William Robertson on January 10, 1899; said patent being No. 29,993. The design consists of metallic arms attached to a seat, extending outward from the seat at their lower parts and then bent upward at a point where they diverge outward, having their upper parts curved downward, and having concavo-convex supports thereunder. The curved portion of the arms is formed to fit over the rounded sides or top of the bathtub to enable sliding the seat from one position to another.

The defenses are want of patentable novelty, noninfringement, and lack of ornament and artistic configuration in the mechanical device described in the patent. The stipulation of the parties, together with the exhibit evidence, shows that the patentee has assembled well-known mechanical features in such a way as to permit placing the bathtub seat in a desired position in the tub for use, either

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as a seat, or as a headrest when lying down. The design has no pronounced ornamental features, but the patentee claims that the structural elements or parts are combined in a pleasing manner and impart to the design an original and distinctive appearance, as a result of which its salability is enhanced.

In my opinion there is nothing in the shape or configuration of the article in question which appeals to the eye or serves to commend it to users as a thing of ornament or special nicety. It is practical, useful, and plain, possessing no attractiveness over other seats of the prior art that might be placed in a bathtub and suspended by polished metal arms from the top thereof. The configuration of the seat, arms, and curved top-plate is not materially distinctive from that of the Sloat patent, No. 390,407, dated October 2, 1888. Said patent at its lateral ends has metal arms supporting it and extending upwards to the edges of the bathtub on which it rests. The arms are bent, metal strips formed to slide within a groove on the under side of the seat and secured by thumbscrews as in complainant's patent. The seat is of precisely the same shape as the seat of the patent in suit, and is supported in the same way. The only perceivable differences in the two are that the arms in one are perpendicular, and slanting in the other, and that the supports for the arms are flat in one, and concavo-convex in the other. It is obvious that Robertson made the metal arms slanting, and the supports curved, so as to conform them to the sides and rounded edges of the up-to-date bathtub. To make the upper ends of the arms concavo-convex was not a patentable thing to do, but was merely an adaptation of the Sloat patent, in which the supports were flattened to permit resting them on a flat-edged bathtub, to present conditions.

A comparison of the design in suit with the Sloat patent presents very little difference between them. They are equally plain and practical without possessing any such attractiveness as in my judgment is in the contemplation of the patent law relating to design patents, and as said by Judge Coxe in Mygatt v. M. Schauffer-Flaun Co., 191 Fed. 836, 112 C. C. A. 350:

"In order to sustain a patent, whether for mechanical construction or for design, it must appear that there was an exercise of the inventive faculties. A mere change in construction which shows no originality and adds no beauty to existing structures is not sufficient to sustain a patent for a design. If this were otherwise, a mere mechanic by inconsequential changes in a structure which embodies a pleasing design could secure a patent for each change which he might make."

This quotation may fittingly be applied to the design under consideration. The alterations which were made by the patentee over designs of the prior art were not the result of the exercise of patentable ingenuity, nor have such changes or alterations resulted in giving to the article a distinctively attractive appearance.

There are numerous other patents in evidence to anticipate the novelty of the Robertson design, but it is not thought necessary to advert to them. Each has been examined by me, and I have become satisfied (1) that the conception of the patentee consisted merely of a rearrangement of various features shown in the prior art and gener-

ally used in bathtub seats; and (2) that even though he has made slight changes in the configuration of the arms and supports over the Sloat patent, it does not appear to me that his modifications, in view of the prior art, were patentably novel, or that he combined the parts to impart to the structure as a whole, aside from its practicability and usefulness, anything ornamental or attractive.

The bill is dismissed, with costs.