## DOMINICK & HAFF v. R. WALLACE & SONS MFG. CO.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

### No. 114.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR SPOONS AND FORKS.

The Crowell design patents, Nos. 40,124, 40,832, and 40,833, for designs for spoons, forks, or similar articles, *held* valid and infringed.

2. PATENTS (§ 252*)—INFRINGEMENT OF DESIGN PATENT—USE OF CHEAPER MATERIAL.

That the owner of a patent for a design for spoons and forks makes them only in sterling silver does not relieve one who copies the design in plated ware from infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 394–396; Dec. Dig. § 252.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Dominick & Haff against the R. Wallace & Sons Manufacturing Company. From orders granting preliminary injunction and denying a motion to vacate the same, defendant appeals. Affirmed.

On appeal from two orders of the District Court for the Southern District of New York. The first order granted a preliminary injunction restraining the defendant from manufacturing or selling or causing to be manufactured or sold table silver flat ware, either in plated or solid silver of patterns known as "Alamo" and "The Mission," and also from manufacturing or selling solid or plated ware in imitation of the complainant's "Queen Anne" pattern or shape. The second order denied a motion to vacate the first order.

John P. Bartlett and R. C. Mitchell, both of New York City, for appellant.

Alan M. Johnson, of New York City, for appellees.

Before COXE and ROGERS, Circuit Judges, and HAZEL, District Judge.

COXE, Circuit Judge. [1] We think the orders should be affirmed, but prefer to rest our decision mainly upon the proposition that the complainant's design patents Nos. 40,124, 40,832 and 40,833 for spoons and forks are valid and infringed. A design patent must of course disclose invention. It must show a novel design, but a very different set of faculties are brought into play from those required in producing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a new machine or a chemical or electrical combination. In each case there must be novelty, but the design need not be useful in the popular sense; it must be beautiful or ornamental, it must appeal to the eye. The policy which protects a design is akin to that which protects the works of an artist, a sculptor or a photographer by copyright. It requires but little invention, in the sense above referred to, to paint a pleasing picture, and yet the picture is protected, because it exhibits the personal characteristics of the artist, and because it is his. So with a design. To produce a graceful pattern for the handle of a spoon or fork requires an exercise by the inventor of "the intuitive faculty of the mind," but in a different sense from that exercised by the inventor of such epoch-making inventions as the safety lamp, the locomotive and the telephone. A design patent necessarily must relate to subject matter comparatively trivial and the courts have looked with greater leniency upon design patents than patents for other inventions. The object of the law is to encourage those who have the industry and genius to originate objects which give pleasure through the sense of sight.

We think the case of Gorham v. White, 14 Wall. 511, 20 L. Ed. 731, directly in point. The Supreme Court there sustained a design patent for handles for spoons and forks very similar to the design in question and held as infringements spoons and forks which were not so near the design as those of the defendant in this case. The court said:

"It is the appearance itself, therefore, no matter by what agency caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense. The appearance may be the result of peculiarity of configuration, or of ornament alone, or of both conjointly, but, in whatever way produced, it is the new thing, or product, which the patent law regards. To speak of the invention as a combination or process, or to treat it as such, is to overlook its peculiarities."

We are referred by defendant to the cuts of other handles for spoons, knives and forks contained in the Daniel Low Year Book, in evidence, to prove want of invention, but we think there is a clear dissimilarity in the appearance of such illustrated designs and the appearance of complainant's so-called coffin shaped handle with its threads or grooves around the edges. It makes no difference that the outline of the handle separately was old or that handles of other shapes had grooves or ridges extending along the edges. These features in combination were new and on comparison with prior designs are thought to give to complainant's silver ware a distinctive appearance readily discernible.

It is contended by defendant that diversity of origin arises from the the fact that complainant's goods were stamped with the names of different jobbers or retail dealers, but as complainant's trade mark is also stamped thereon, thus indicating origin, the right to protection was not lost, or impaired.

We think, therefore, that the design patent should be sustained and that under the Gorham decision the claims are infringed.

[2] The defendant seeks to distinguish this case because it manu-

factures its designs only in plated ware, while the complainant uses sterling silver. The patents, however, make no such restriction and we think that any one who uses the design for spoons and forks infringes. If relief were based solely upon unfair competition it is possible that a different rule might obtain, but in any view, we think we are bound by our recent decision in Graff, Washbourne & Dunn v. Webster, 195 Fed. 522, 115 C. C. A. 432. At the bottom of page 524 of 195 Fed., page 434 of 115 C. C. A., we said:

"The defendants' infringement is aggravated by the fact that they use the design on plated ware, whereas the complainant uses it only on sterling silver. The purchaser is thus enabled to secure the design for about one-fifth of its cost, when sold by the complainant."

A purchaser attracted by the Queen Anne pattern would be more apt to purchase from the defendant than the complainant if he could procure the pattern for one-third of the price. The person so selling it would secure the profit without incurring any expense as to the design. If the contention of the defendant be adopted, an infringer will be safe to wait until the sterling silver makers, who employ designers at large salaries, put out their designs and then appropriate them with impunity.

The orders appealed from are affirmed with costs.