MYGATT et al. v. SCHAFFER (two cases).

(Circuit Court of Appeals, Second Circuit. November 16, 1914.)

Nos. 27, 28.

1. PATENTS (§ 46*)—DESIGNS—SUBJECTS OF DESIGN PATENTS.

Under Rev. St. § 4929, as amended by Act May 9, 1902, c. 783, 32 Stat. 193 (Comp. St. 1913, § 9475), which provides that "any person who has invented any new, original and ornamental design for an article of manufacture" may obtain a patent for such design, a design patent may be for an article of manufacture itself, if it is ornamental, as well as useful.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 54, 55; Dec. Dig. § 46.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR LAMP REFLECTOR.

The Mygatt design patent, No. 37,967, for a design for a prismatic glass reflector, is for a proper subject of a design patent, was not anticipated, and is valid; also held infringed by a reflector which differs only in that there is a slight change in the contour.

3. PATENTS (§ 252*)—INFRINGEMENT—PATENT FOR DESIGN.

It is not necessary that the alleged infringing article should be an exact copy of that of the patent, to sustain a charge of infringement of a design patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 394–396; Dec. Dig. § 252.*]

4. PATENTS (§ 328*)—ANTICIPATION—DESIGN FOR LAMP REFLECTOR.

The Mygatt design patent, No. 40,182, for a design for a prismatic glass reflector, held void for anticipation by design patent No. 40,140 to the same inventor.

5. PATENTS (§ 120*)—PRIORITY—SIMULTANEOUS APPLICATIONS.

Where applications for two patents for essentially the same invention were filed by the same applicant on the same day, the date of issue determines the priority, and the fact that the application for the later patent bears the lower serial number is immaterial.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 172; Dec. Dig. § 120.*]

6. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LAMP REFLECTOR.

The Mygatt patent, No. 939,062, for an integral shade reflector of glass having an upper and lower portion, the latter forming a skirt with substantially vertical walls and composed of a translucent medium, was not anticipated and is valid; also held infringed.

7. PATENTS (§ 312*) — SUITS FOR INFRINGEMENT — DEFENSES — BURDEN AND MEASURE OF PROOF.

A defendant in a suit for infringement, who sets up prior use and want of novelty as defenses, has the burden of proof to establish such defenses beyond a reasonable doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. § 312.*]

Ward, Circuit Judge, dissenting in part.

Appeals from the District Court of the United States for the Southern District of New York.

There are two suits between the same parties, brought for the infringement of certain patents and asking for an injunction, an accounting and damages.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit No. 1 involves an appeal from a decree of the District Court of the United States for the Southern District of New York, made on December 31, 1913, adjudging that design patent of the United States No. 37,967, for a prismatic glass reflector, granted to Otis A. Mygatt on April 24, 1906, is invalid, and dismissing the bill of complaint.

Suit No. 2 involves cross-appeals from a decree of the District Court for the Southern District of New York, made on December 31, 1913, adjudging that mechanical patent of the United States No. 939,062, for skirting reflectors, granted to Otis A. Mygatt on November 2, 1909, are valid, and that the defendant, Max Schaffer, had infringed upon claims 2 and 4 of the said letters patent, and issuing a perpetual injunction against the said Schaffer restraining him, his agents, clerks, workmen, and employés, and all claiming or holding under or through him, from making, using, or selling, or in any way disposing of, without the license of the complainants, prismatic glass reflectors embodying the invention or improvement contained in letters patent of the United States, No. 939,062, and awarding damages and an accounting; also adjudging that design patent of the United States, patent No. 40,182, for a reflector, granted to Otis A. Mygatt, is invalid, and dismissing the bill of complaint so far as it is based upon said patent No. 40,182.

Otis A. Mygatt is a citizen of the United States residing in the borough of Manhattan, city of New York, and state of New York. The General Electric Company is a corporation organized and existing under and by virtue of the laws of the state of New York. Max Schaffer is a resident and inhabitant of the borough of the Bronx, city of New York, and state of New York.

The United States having granted to Otis A. Mygatt letters patent No. 37,967 for a prismatic glass reflector, the said Mygatt granted to the General Electric Company a sole and exclusive license under the said letters patent to make, use, and sell articles embodying the invention aforesaid.

The said Mygatt and the said General Electric Company brought suit against the defendant, Schaffer, and alleged that the latter had wrongfully used, sold, and exposed for sale within the Southern district of New York reflectors of prismed glass made according to and containing and embodying the design or colorable imitation of the complainant's patent without their license or consent. A decree was asked establishing the validity of the patent, and restraining the defendant, his servants, agents, attorneys, and employés, from making, using, selling, or offering for sale any reflectors embodying or containing the invention set forth in letters patent design No. 37,967. The bill also asked an accounting and damages.

The complainants also brought a second suit against the defendant, alleging an infringement of letters patent design No. 40,182, issued by the United States to the said Mygatt on July 27, 1909, as well as an infringement of letters patent of the United States No. 939,062, issued to Mygatt on November 2, 1909. In this suit the complainants sought a decree establishing the validity of the patents, an injunction, an accounting, and damages.

The answer in each of these suits denies the validity of the complainant's patents and denies infringement. The two suits were argued in this court at the same time and will be considered together.

Howard Taylor and John G. Jackson, both of New York City, for appellants.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., Messimer & Austin, of New York City (J. H. Lee, of Chicago, Ill., of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The Constitution gives Congress the power to promote the progress of science and the useful arts by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries. In pursuance of that authority Congress in 1790 passed an act

providing for the issuance of letters patent, and since that time has passed various other acts which have made provision for securing to inventors a right of property in their inventions. And Congress in its legislation respecting patents has provided for the issuance both of mechanical and design patents, although in England designs are protected by copyright, and not by patent. The patents involved in the two suits now before us relate to a mechanical patent and to design patents.

The design patents were issued since 1902, and so are subject to the act of Congress passed May 9, 1902, amending section 4929 of the Revised Statutes so as to read:

"Sec. 4929. Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section forty-eight hundred and eighty-six, obtain a patent therefor." 32 Stat. pt. 1, p. 193.

The mechanical patent was issued since 1897, and so is subject to the act of March 3, 1897, amending section 4886 of the Revised Statutes (Comp. St. 1913, § 9430), so as to read:

"Sec. 4886. Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof, not known or used by others in this country, * * * and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, * * * and not in public use or on sale * * * for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceedings had, obtain a patent therefor." 29 Stat. 692.

The first suit involves design patent No. 37,967 and will be first considered. In holding this patent invalid the court said:

"There is always, as the basis of the idea of design patent, the idea of ornamentation; the thing must have been made for the purpose of ornament, or at least a useful article must have been made in such a way as to make it ornamental."

The court found nothing ornamental in the reflector in suit and thought:

"That the man who made them was not at work with any artistic idea of producing a thing of beauty; he was at work with a combination of prisms to produce an article of use. Incidentally the shade looks well lighted, like almost any other bulb."

As the idea of ornamentation was not present to the eye of the District Judge the patent failed.

[1] We have given careful consideration to the opinion of the court below, but we find ourselves unable to concur with it in thinking that glass reflectors which are organized so as to discharge a useful mechanical function, and which present attractiveness of appearance and make a pleasing impression upon the eye, are not properly the sub-

ject of a design patent. It is a mistake to assume that a patent for a design applies only to certain ornamentation upon an article of manufacture, and that it cannot properly apply to the article of manufacture itself as that article of manufacture is designed and produced.

In 1902 Congress amended the act, making it read that "any person who has invented any new, original, and ornamental design for an article of manufacture" may obtain a patent for such design. Before that amendment the act permitted a design patent to issue for "any new, useful and original shape or configuration of any article of manufacture." After this amendment was made the argument was advanced that Congress intended by the amendment that design patents for mere shape or configuration of an article of manufacture should no longer be granted. But in Theo. W. Foster & Bros. Co. v. Tilden Thurber Co., 200 Fed. 54, 118 C. C. A. 282 (1912) the Circuit Court of Appeals in the First Circuit held that it could not accept any such view of the matter. The court said:

"We are not prepared to accept this view. Though the amendment has dropped the word 'useful' and the express provision that a new shape or configuration given to an article of manufacture shall be patentable as a design, we are unable to believe it intended by these changes that no design for any article of manufacture shall be considered 'new, original, and ornamental,' within the meaning of the section as it now stands, if the ornamental character consists merely in a new and original shape or configuration given to the article. It is, of course, still true, as was held before the amendment, that 'design patents refer to appearance, not utility.'"

And it was held in that case that a clothes brush is a proper subject for a design patent.

Prior to that decision, and after the amendment of the act made in 1902, we sustained in Ashley v. Samuel C. Tatum Co., 186 Fed. 339, 108 C. C. A. 539 (1911), a design patent for "the ornamental design for an inkstand as shown," there being no written description of the invention, and in the opinion, written by Judge Lacombe, the court said:

"The manufacture of glass inkstands of this general character has been going on for very many years, and the chance of any broadly new design being produced would seem to be slight. Nevertheless the exhibits in the case indicate that complainant's design shows a radical and distinctive change in type from those which preceded it; its dominant feature being the contour and relative proportions of parts, rather than the presence or absence of any applied ornamentation."

In that case we sustained a design patent, notwithstanding the absence of any applied ornamentation.

It may be conceded that there is nothing novel in the shape of these reflectors or in the principle of their construction by the use of prisms. The fact that it was old to cut prisms in shades and reflectors was not denied; neither was the claim made that novelty existed in the shape. But the fact that no such claims were made, or could be made, does not put these complainants out of court. In Washbourne & Dunn v. Webster, 195 Fed. 522, 115 C. C. A. 432 (1912), each element of the patented design considered separately was old, and sometimes two or more of them appeared combined in the prior art, and yet we held that these

facts did not invalidate the patents, unless it appeared that they were so assembled as to form the designs of the patents then in suit. And we then stated that it was the design as a whole which had to be considered; that the situation in this respect was analogous to machines made up of old elements. It sufficed that the machine produced a new result, or the design a new impression upon the eye.

It is the design of the whole thing as it appears in use which is the test in cases of the class in suit. It is not necessary in the case of a design patent that the thing to be patented should have been made for the purpose of ornament. It is sufficient that a useful article has been made in such a way as to make it ornamental. In this case the inventor has produced a reflector which is handsome when in use and which rises to the dignity of a design patent. In Dominick & Haff v. R. Wallace & Sons Manufacturing Co., 209 Fed. 223, 126 C. C. A. 317 (1913) this court, speaking through Judge Coxe, said:

"A design patent necessarily must relate to subject-matter comparatively trivial and the courts have looked with greater leniency upon design patents than patents for other inventions The object of the law is to encourage those who have the industry and genius to originate objects which give pleasure through the sense of sight."

And that is what Mygatt has done. He has originated reflectors "which give pleasure through the sense of sight." We think that design patent No. 37,967 should have been sustained. The rule governing design patents was expounded by the Supreme Court in Gorham Co. v. White, 14 Wall. 511, 524, 20 L. Ed. 731 (1871), and it was said:

"The acts of Congress which authorize the grant of patents for designs were plainly intended to give encouragement to the decorative arts. They contemplate not so much utility as appearance, and that not an abstract impression, or picture, but an aspect given to those objects mentioned in the acts. It is a new and original design for a manufacture, whether of metal or of other material; a new and original design for a bust, statue, bas relief, or composition in alto, or basso-relievo; a new or original impression or ornament to be placed on any article of manufacture; a new and original design for the printing of woolen, silk, cotton, or other fabrics; a new and useful pattern, print, or picture, to be either worked into or on any article of manufacture; or a new and original shape or configuration of any article of manufacture—it is one or all of these that the law has in view. And the thing invented or produced, for which a patent is given, is that which gives a peculiar or distinctive appearance to the manufacture, or article to which it may be applied, or to which it gives form. * * * It is the appearance itself, therefore, no matter by what agency caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense. The appearance may be the result of peculiarity of configuration, or of ornament alone, or both conjointly, but in whatever way produced it is the new thing, or product, which the patent law regards. To speak of the invention as a combination or process or to treat it as such, is to overlook its peculiarities."

[2] Mygatt under his design patent No. 37,967 produced a new reflector, the appearance of which attracted attention and called out favor. It is that appearance, no matter by what agency caused, that constitutes the contribution to the public which the law deems worthy of recompense and to which it extends its protection. The fact that complainants have sold over 500,000 of the reflectors manufacured

under this patent affords some indication that the thing they have produced has been of pleasing appearance and of utility.

The defendant seeks to defeat the patent, however, by calling attention to a prior patent, also granted to Mygatt, which is alleged to show exactly the same contour. The patent thus relied on is the Mygatt patent, No. 37,809, which was granted on February 6, 1906. Certain other patents are also relied upon as having been previously granted and as showing a like configuration. But of all the patents thus relied upon the one which comes the nearest to showing anticipation is patent No. 37,809. The contours of the two reflectors—No. 37,809 and No. 37,967—are closely alike. In the former no prisms are used and the end of the glass is frosted, whereas in the latter prisms are employed and the end of the glass is not frosted. The completed articles produce quite a different effect on the eye, especially when illuminated. We are satisfied the defense of anticipation is not made out. As the Supreme Court said in Gorham Co. v. White, 14 Wall. 511, 526, 20 L. Ed. 731, "We think the controlling consideration is the resultant effect." And the resultant effect of the two reflectors under discussion is quite different.

A drawing of complainant's design patent No. 37,967, which is alleged to have been infringed, is here reproduced:

A drawing of prior design patent No. 37,809, which is claimed to anticipate design patent No. 37,967, is here reproduced:

A drawing of defendant's reflector, alleged to infringe design patent No. 37,967, is here reproduced:

[3] Upon the question of infringement there is less difficulty. The defendant's reflector is a palpable imitation of that of the complainants. It is true that the one is not a Chinese copy of the other, but

it is not necessary that the one should be an exact copy of the other to

sustain a charge of infringement. The act of Congress of February 4, 1887 (24 Stat. 387 [Comp. St. 1913, § 9476]), c. 105, § 1, forbids "any colorable imitation as well as a reproduction of the design." Slight differences and changes in construction do not suffice to defeat a charge of infringement, when the combination and purposes intended and the purposes accomplished are the same. Hale, etc., Mfg. Co. v. Oneonta, etc., Co. (C. C.) 124 Fed. 514, 517 (1903). In the case at bar the defendant's device has a slightly lower neck or flatter bell than has the complainant's. But the defendant's reflector is the complainant's reflector; the slight change in the contour does not avoid infringement.

In 1910 the complainants brought suit against the same defendant, alleging an infringement of design patent No. 37,983, issued May 1, 1906. In that suit the trial court found in favor of the complainants. Mygatt v. M. Schaffer-Flaum Co. (C. C.) 186 Fed. 343 (1911). But upon appeal to this court the case was reversed, and we sustained the defendant's contention that the complainant Mygatt had been guilty of double patenting, and that the patent upon which that suit was brought was anticipated by the design patent No. 37,967, which is one of the patents now in suit, and which had been issued a few days prior to the issuance of the other. Mygatt v. Schaffer-Flaum Co., 191 Fed. 836, 112 C. C. A. 350 (1911).

In the present suit the suggestion is made for the first time that the invention is fundamentally not of the character that should be the subject of a design patent. The fact that the suggestion originated with the trial court, and not with the defendant's counsel, is not important, except as indicating that in the study of the case it apparently had not occurred to counsel that it was worth while to interpose such an objection. In holding that No. 37,983 was anticipated by No. 37,967, we in effect held that No. 37,983 would infringe No. 37,967. Since defendant's design here complained of is substantially the same as the design shown in No. 37,983, it also infringes No. 37,967.

In the second suit two patents are involved—design patent No. 40,182, granted to Mygatt on July 27, 1909, and mechanical patent 939,062, granted to Mygatt on November 2, 1909. The first of the two patents was granted for a prismatic glass reflector, and the second for a skirting for reflectors. The court below held the design patent void, for the same reason which it assigned for the invalidity of the design patent involved in the first suit; and the mechanical patent was held good, and a perpetual injunction was decreed, enjoining the defendant, his agents, clerks, workmen, and employés, and all claiming or holding under or through him, from making, using, or selling, or in any way disposing of, without the license of the complainants, prismatic glass reflectors embodying the invention contained in patent No. 939,062.

[4] The reason given for the invalidity of patent No. 40,182, being the same as that assigned in the first suit for the invalidity of patent No. 37,967, has already been considered in the earlier part of this opinion, and need not be repeated here. But the court below, regarding the reflectors embodied in No. 40,182 as inherently unpatentable, did not inquire whether or not they were anticipated in the prior art.

But as we regard such reflectors as not inherently unpatentable, it is necessary to consider the question of anticipation. We deem it important to refer to two only of the patents which may be regarded as anticipating No. 40,182. A drawing of this design patent is here reproduced:

The two patents which need to be considered in connection with it are the Kappler patent, No. 39,964, granted on May 4, 1909, something more than two months prior to the issuance of No. 40,182, and the Mygatt patent, No. 40,140, issued two weeks prior thereto. A drawing of the Kappler patent, No. 39,964, is here reproduced:

And a drawing of Mygatt patent, No. 40,140, is here reproduced:

And a drawing of the design of the defendant's reflectors is likewise reproduced:

Prior to the issuance of the patents No. 40,182 and No. 40,140 the attention of the Commissioner of Patents was specifically called, in connection with these patents, to the Kappler patent on the ground of a possible interference, but in the opinion of the examiner of the Patent

Office Mygatt's invention was not regarded as the same with Kappler's and in this view we concur. We, however, believe that No. 40,140 must be regarded as an anticipation of No. 40,182, if it is to be regarded as having priority over it, a question to be presently discussed.

In each case the shade comprises a neck or bead for attachment to a holder, a frustro-pyramidal body portion, and a vertical rectangular skirt portion; the external surface being completely covered with vertical reflecting prisms. The only difference we discover is that the inclined corner lines are straight in patent No, 40,182, while slightly incurved in patent No. 40,140. There is thus a slight change in the contour of the two patents. But the two designs so closely resemble each other that we are unable to discover that a patentable difference exists between them. It was never intended, as Mr. Justice Bradley said in Atlantic Works v. Brady, 107 U. S. 192, 200, 2 Sup. Ct. 225, 27 L. Ed. 438 (1882), that a monopoly should be granted for "every shadow of a shade of an idea." To do so would be unjust in principle and injurious in its results. The change made in design No. 40,182 from the design No. 40,140 shows no originality and adds no beauty to the device.

[5] But so far we have assumed that design No. 40,140 is to be regarded as prior in time to design No. 40,182. The facts concerning these two patents are as follows: The application for each was filed on June 5, 1908, and while No. 40,140 was issued on July 13, 1909, and that of No. 40,182 on July 27, 1909, the latter patent had an earlier serial number, 437,019, while the earlier patent had a later one, 437,021. Does the fact that design No. 40,182 has the earlier application number entitle it to priority over design No. 40,140, with its later application number, but which was issued two weeks earlier than the other? A lower serial number of a patent, however, cannot be regarded as indicating the older patent, where the patent bearing a higher serial number was issued, not on the same, but on a different, day. We had the matter before us in Crown Cork & Seal Co. v. Standard Stopper Co., 136 Fed. 841, 846, 69 C. C. A. 519, 524 (1905), and we then said:

"Notwithstanding the application for this patent was the earlier one, we are of the opinion that it was a later patent, and what was described and claimed in it has no bearing upon the validity of the claims of the patent in suit. Where two patents are issued on the same day by the Patent Office, and there is no other evidence of seniority between them than such as appears from their several numbers, the earlier in number must be regarded the senior and the earlier in publication."

We also said in that case:

"What is described in an earlier patent to the same inventor has no greater efficacy in defeating the novelty of the subject-matter of a later patent to him than it would have if it had been described in an earlier patent to a different inventor. In either case such descriptive matter has no effect upon the patentable novelty of the earlier invention. If, however, the invention of the later patent is patented by the earlier one, the earlier must, of course, invalidate the later, for there cannot be two valid patents, for the same invention, and the later patent is therefore void."

The Supreme Court in Suffolk Co. v. Hayden, 3 Wall. 315, 18 L. Ed. 76 (1865), had laid down the principle that where two patents, showing the same invention or device, were issued to the same party, the later

one was void, although the application for it was first filed, thereby deciding that it is the issue date, and not the filing date, which determines priority. to patents issued to the same inventor on the same machine.

Holding, as we do, that design patent No. 40,182 is invalid, having been anticipated by No. 40,140, it becomes unnecessary to inquire whether defendant's reflector infringes upon the patent sued upon, No. 40,182.

[6] We come now, in conclusion, to consider the last patent involved, mechanical patent No. 939,062, which the defendant is also charged with infringing. No. 939,062 was issued to Mygatt for making reflectors of an integral piece of glass of which the upper part, or body part beneath the collar portion, was to be composed of a specular reflecting medium reflecting most of the light out of the open mouth of the reflector, and the lower or flared mouth part, composed of some interceptive light-diffusing or shading medium.

The complainants in this suit rely only on claims 2 and 4 of the patent. Claim 2 reads as follows:

"2. An integral shade reflector of glass, the upper portion of which is provided with a specular reflecting medium, the lower portion being formed into a skirt with substantially vertical walls, the skirt being composed of a translucent medium."

And claim 4 reads as follows:

"4. A glass open-mouthed reflector shade having prisms thereon reflective of light and a substantially vertical portion integral therewith interceptive of some of the light rays."

At the time this patent was applied for the reflectors in common use were so made that when in use, with an artificial light inside, the rays from the light, or the downward side rays, reached the eye direct, thus causing discomfort to the eyesight. In order to overcome this drawback, it was common to cover reflectors with hanging fringe, either of silk or of bead glass, to protect the eyesight from the direct rays of the light contained within the reflector. And, as the inventor stated in his application, his present invention was intended to embody in a one-piece glass article the reflecting qualities of a specular reflector and the light-shading or light-softening qualities of the protecting fringe used for such a purpose.

A large number of patents were offered in evidence for the purpose, we presume, of establishing a lack of novelty. But there are only four of them we deem it necessary to consider. All four were granted to Mygatt, one of the complainants. They are mechanical patents No. 687,848, granted December 3, 1901; No. 762,926, granted June 21, 1904; No. 821,308, granted May 22, 1906; No. 804,253, granted November 14, 1905. No. 687,848 was for an improvement in prism glass globes, the specification stating that:

"The object of the invention is to make prism-glass globes which will concentrate and diffuse light in a downward direction and which will be little affected by dust and dirt accumulated thereon."

It is not an integral article, but a two-piece article. The inside of the upper piece or portion of the globe is smooth, and so constructed as to reflect the light rays received thereon. The outer face of the lower

portion is smooth, and the inside is ribbed. It is clearly distinguishable from the open-mouth reflector shade of patent No. 939,062, which it is said to anticipate.

In No. 687,848 the lower half of the reflector is intended to receive and does receive practically all the light which does not go through the place left for inserting the lamp. It is the most brilliant part of the device. On the other hand, No. 939,062 provides for sending most of the light down and out of the open mouth of the reflector, at the same time shading the eyes from the light source. The one is not an anticipation of the other.

No. 821,308 is a device or method of decorating glass shades. The decoration is effected by providing the interior of the device with either raised or depressed forms of any desired size, shape, number, or color, preferably avoiding colors which interfere with the transmission of light and such ornamentation as frosting. The decorative features are impressed into or raised from the otherwise smooth inner surface of the reflector, and their effect is to break up the light rays to such an extent that the decorations are visible through the sides of the device. It is clearly distinguishable from No. 939,062.

In No. 821,308 the prisms are not concentrating prisms. They do not concentrate light, so as to send it down and out of the mouth of the reflector. They are diffusing prisms, and send the light upward to a large extent. It cannot be regarded as anticipating No. 939,062, which is clearly distinguishable.

The object of No. 762,926 is:

"To produce an integral shade and reflector of glass which shall reflect the light rays which would otherwise go upward or in an undesirable direction and afterwards diffuse such rays as well as the direct rays."

The device is a globe, and not an open reflector. The light is concentrated on the lower half of the inclosure, making a diffusing device of high intrinsic brightness. Its lower portion comes into direct contact with the eye, and about 80 per cent. of all the light of the lamp is concentrated on the lower half of the globe, virtually making it take the place of the naked lamp itself. This does not anticipate No. 939,062.

No. 762,926 calls for a device which does exactly the opposite of what is called for in patent No. 939,062. In No. 762,926 the light is made very intense, by concentrating it on the lower portion, instead of softening the light, as is the case in No. 939,062. There is no anticipation.

No. 804,253 is intended to produce a shade reflector of glass, in whole or in part composed of layers, and in which the main part of the reflection of light rays, which would otherwise escape upwardly or in other than useful direction, is effected by double-reflecting prisms, while the diffusion of light which would otherwise be too intense in downward or desired direction is effected by ground glass or similar surfaces. We have failed to discover in it an anticipation of No. 939,062.

The prior patents cited are, as the court below found, all bulb patents, concentrating the light from one part above upon the bulb and in the part below, making a very intense light, which is quite different from the effect of light thrown down into the open mouth of the reflectors

embodied in No. 939,062. In the latter patent, as the expert testified, the skirt portion of the device operates to soften the light which reaches it from the lamp, and to spread or diffuse it. These prisms operate in the way distributing prisms operate. And there is diffusion of light as a result of the position of the prisms with respect to the light source. The prisms on the skirt portion of the device are of precisely the same character, so far as mechanical construction goes, as the prisms on the upper portion of the reflector; but they act in an entirely different manner from the prisms on the body portions of the reflector, the reason being that the incident light rays from the lamp happen to be differently placed with respect to the skirt. The prisms in the upper part of the reflector are almost totally reflecting prisms, only 10 or 15 per cent. of the light escaping. The prisms on the lower part, the skirt, are not used to concentrate light below and send it all down and out of the open mouth of the reflector, but they are used to spread the light over the surface, diffuse and soften it, and save the eyes from the direct rays from the incandescent filament of the lamp. They send the maximum flux of the light from the lamp down and out of the open mouth of the reflector, at the same time shielding the eyes from the side flux, the side rays, and the downward side rays. They produce an effect which is almost exactly the opposite to what is produced by the reflectors, where the mouth of the reflector is not wide open, and where there is, instead of this skirt portion, either a curved portion, curving inwards, or an actual globe. The device required the exercise of the inventive faculty, and a new and better reflector has been created, which has new capacities, and performs new functions, and has not been anticipated in the prior art.

[7] The defendant in a suit for the infringement of a patent, who sets up prior use and want of novelty as a defense, has under the decisions of the Supreme Court the burden of proof upon him to establish the facts beyond all reasonable doubt. Cantrell v. Wallick, 117 U. S. 689, 695, 696, 6 Sup. Ct. 970, 29 L. Ed. 1017 (1886). The defendant, so far as patent No. 939,062 is concerned, has not shown beyond a reasonable doubt, or even by a preponderance of the evidence, the anticipation in the prior art upon which he relied.

As respects the first suit, the decree of the court below, holding design patent No. 37,967 invalid and dismissing the bill of complaint, is reversed, and the court is directed to grant the complainants an injunction and an accounting.

As respects the second suit, the decree of the court below, sustaining mechanical patent No. 939,062 and granting an injunction, and declaring patent No. 40,182 invalid and refusing an injunction, is affirmed.

WARD, Circuit Judge, concurs in the conclusion of the majority as to design patent No. 40,182, but dissents as to design patent No. 37,967 and mechanical patent No. 939,062, on the ground that neither involves invention.