### ROBERT FINDLAY MFG. CO. v. HYGRADE LIGHTING FIXTURE CORPORATION.

(District Court, E. D. New York. July 22, 1921.)

1. Patents ⬡⇒328—54,714, for design for frame for shades for electric lights, held valid and infringed.

The Cohn design patent No. 54,714, for a design for frame for shades for electric lights, held valid and infringed.

2. Patents ⬡⇒252—Slight alteration in design held not to avoid infringement.

The addition to an otherwise exact copy of a patented design of a small detail, which changes its appearance so little that it still not only resembles, but would be taken for the design of the patent, does not avoid infringement.

3. Patents ⬡⇒129—Employer of patentee estopped to deny invention.

A corporation which employs a patentee, who has assigned his patent, in making an infringing structure cannot, through him, attack the validity of the patent for lack of invention.

In Equity. Suit by the Robert Findlay Manufacturing Company against the Hygrade Lighting Fixture Corporation for infringement of Cohn design patent, No. 54,714, dated March 16, 1920. Decree for complainant.

Dodson & Roe, of New York City, for plaintiff.

Munn, Anderson & Munn, of New York City, for defendant.

CHATFIELD, District Judge. [1] This action charges infringement of design patent for an electric light shade frame, which is almost exactly copied by the defendant's device. The defendant urges invalidity, seeking to show that different elements in the design were old, and charging public use more than two years before the application for this patent.

The prior art necessarily shows shades or frames for shade coverings in general resembling the design patent in question. The limitations of the art are such that some similarity must necessarily be present, but no design of the prior art is shown sufficiently like the design of the patent in question to render it invalid for lack of novelty in the complete frame. Nor is there any reason to find that the plaintiff's assignor was not the original inventor, that he made any

---

⬡⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

false oath, or that the design had been in use so long as two years when application was made.

When we come to the question of noninfringement, the designs of the prior art, and also other designs now upon the market which are admittedly not infringements, are offered in order to show the narrow range of resemblances by which liability for infringement is sought to be presented.

[2] The patented design is shown without lighting fixture other than means of suspension. Inasmuch as the charge is for infringement of the shade frame alone, no claim of noninfringement can be based upon the use of a lighting fixture, because the design patent is said to be "a frame for shades for electric lights." The chain suspension in the two designs is exactly similar. A minor difference is shown in the defendant's design, in that they have taken from an older piece of wooden carving, a scroll, or running ribbon pattern with a small flower between each curve of the ribbon, where the patentee shows mere openings or perforations, conveying the impression of a simple ribbon-wound or twisted scroll.

In so far as the defendant is using a different design for this detail, he would be entitled to his own design, and could not be charged with infringement of the particular detail. But he has added this detail to an exact embodiment of the patented design in such a way as to make it evident that it not only resembles the patented design, but would be mistaken therefor, even though the intention of the defendant was to avoid infringement or the commission of any culpable act. Graff, Washbourne & Dunn v. Webster, 195 Fed. 522, 115 C. C. A. 432; Mygatt v. Schaffer, 218 Fed. 827, 134 C. C. A. 515; Friedley-Voshardt v. Reliance Metal Spinning Co. (D. C.) 238 Fed. 800.

[3] The defendant is a corporation formed with the aid of or through the employment of the patentee of this design, who was at the time of application an employee of the plaintiff.

This neither proves infringement nor disproves liability. Under such circumstances, while the defense of invalidity may not be entirely and exactly closed to the defendant, yet the defendant cannot through the patentee attack his own claims of invention while using him as the agent for its own activities. Mergenthaler Linotype Co. v. International T. Mach. Co., 229 Fed. 168; Johnson Furnace & Engineering Co. v. Western Furnace Co., 178 Fed. 819, 102 C. C. A. 267; Johns-Pratt Co. v. Sachs Co., 175 Fed. 70, 99 C. C. A. 92.

If the design complained of were capable of use by the defendant's employee, and honestly conceived by him, it would have the right to manufacture the same, unless circumstances constituting unfair competition were shown. But if either through his former associations and recollections, or even unconsciously, he has made use of a design belonging to the plaintiff, he is responsible therefor, even though his purpose may have been most strictly to observe the plaintiff's rights as he understood them.

The plaintiff may have a decree.