## BERLINGER v. BUSCH JEWELRY CO., Inc.

### No. 328.

Circuit Court of Appeals, Second Circuit.
April 13, 1931.

Levisohn, Niner & Levisohn, of New York City (Edwin Levisohn, of New York City, of counsel), for appellant.

Morris Kirschstein, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant is charged with the infringement of design letters patent No. 70,-209, issued May 25, 1926, a design for a wedding ring. Both noninfringement and invalidity are asserted in the answer. The decree was for the appellee, and the appellant appeals. The infringing devices are rings marked "Exhibits 8 and 9." The patent resulted from an application filed April 19, 1924.

The application was rejected by the Examiner on the design patent No. 48,232, dated November 30, 1915, mechanical patent No. 1,431,652, dated October 10, 1922, with the statement: "It would be a mere matter of choice whether the design of hearts be arranged horizontally or vertically about the ring. To be patentable a design must represent invention over what has preceded." But the appellee asserts that a wedding ring has not been shown which was entirely formed of hearts set alternately with relation to each other, and it asserts that its inventor was the first "to have conceived the idea of setting hearts in alternate arrangement so that the ring itself keeps the same width throughout, while the hearts first point in one direction and then in the other."

The Examiners in Chief granted patentability over the two patents referred to by the Examiner, and said: "Assuming that these references are the most nearly analogous or pertinent art available to the examiner, and in the absence of any art disclosing such an arrangement of symbols on a ring, we consider the design to possess sufficient artistic merit to warrant its allowance."

But the prior art, which was not referred to in the Patent Office, clearly discloses want of inventive thought. The patent to Hodnefield, No. 62,727, dated July 24, 1923, shows a finger ring with hearts set alternately with relation to each other and pointed in opposite directions. The patent to Spiro, No. 62,747, dated July 24, 1923, shows a wedding ring with a plurality of hearts set alternately with relation to each other and pointed in opposite directions. The patent to Bastheim, dated July 3, 1923, No. 62,598, is formed of hearts set alternately with relation to each other in an arrangement where the hearts first point in one direction and then in the other. Moreover, the prior use of Oskamp Nolting & Co. of 1905, of which a record was made by filing in the New York Public Library November 6, 1905, shows items 6831, 6835, and 6840 of wedding rings like the design patent here considered. This catalogue clearly shows that setting of hearts in wedding rings had been known for twenty years prior to this patent application. It is urged that the patent in suit is distinguished from the Oskamp prior use because in the latter a leaf and not a heart was used. But we think the items there indicate a heart. A design is not patentable merely because it can be distinguished in appearance from prior designs. Its creation must involve the exercise of inventive faculty. With the prior art, as established at the trial, and with its knowledge over such a period of time, this patentee cannot be said to have shown the degree of genius necessary for invention. Smith v. Whitman Saddle Co., 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606; Majestic Elec. Develop. Co. v. Westinghouse E. & Mfg. Co., 276 F. 676 (C. C. A. 9); Knapp v. Will & Baumer Co., 273 F. 380 (C. C. A. 2).

There was no originality in this design; alternating the hearts in a design was old and used. In the absence of novelty and utility or originality in beauty, there was no invention. Mere skill of continuing the hearts around the entire ring rather than part of it did not amount to inventive thought. The adaptation of old forms to new purposes, however convenient and useful or beautiful, may not, in their new rôle, be regarded as invention. The state of the art, as this record discloses, shows that the design for jewelry and particularly for wedding rings, used hearts set alternately with relation to each other so that the hearts point alternately in one direction and then in the other. For want of patentability, the decree below is reversed.

Decree reversed.