NAT LEWIS PURSES, Inc., v. CAROLE BAGS, Inc.

No. 344.

Circuit Court of Appeals, Second Circuit.

May 11, 1936.

Nathan Schoenberg, of New York City (Harris Jay Griston, of New York City, of counsel), for appellant.

Halpert & Burger, of New York City (Louis Schumacher, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from a decree denying an injunction pendente lite for the acknowledged infringement of design patent, No. 96,768. Though the patent, which is for a woman's purse, has never been adjudicated, the defendant must make some attack upon its validity to justify its conduct. It does; it has produced Specht's patent, 1,022,976, and some purses manufactured in accordance with its disclosure. There are differences between these and

the patented design; the tab or flap is larger in proportion to the whole purse and there is a button upon it, but if Specht's purse were made larger, the tab would ordinarily keep its size, for it is only meant for the thumb and forefinger to grasp. There are also differences in proportion, though these, too, are accounted for by the fact that the relation between mouth and bag will vary with the gross size of the purse. Finally, the general effect of the patented design is more pleasing and trimmer, so that if the defendant confined itself to Specht's design, the plaintiff would be content. Nevertheless, it is plain to us that it was a very simple matter, with Specht's purse before him, for any ordinary designer to produce the patented design; as we have just intimated, no more was really involved than changing the size. If the test of invention is the same for design, as for mechanical, patents, the patent in suit cannot survive.

█ There has undoubtedly been some vacillation about that question in the books. Some opinions appear to imply that if a design be new and pleasing enough to catch the trade, nothing more is required. Wood & Sons v. Abelson's, Inc., 74 F.(2d) 895 (C.C.A.3), may possibly be so read, and something very close to it appeared in Graff et al. v. Webster, 195 F. 522 (C.C.A.2); Dominick & Haff v. Wallace & Sons Mfg. Co., 209 F. 223 (C.C.A.2); and Mygatt v. Schaffer, 218 F. 827 (C.C.A.2). When Steffens v. Steiner, 232 F. 862 (C.C.A.2), was in the District Court, the judge sustained some patents for cigar bands, which were new but to whose production no greater talents were necessary than those of journeymen designers. This he did, because he read the three decisions we have just cited as establishing a different standard for design from that for mechanical patents. We said no; we held that a design patent must be the product of "invention," by which we meant the same exceptional talent that is required for a mechanical patent. Since then we have several times expressly reiterated the doctrine. Strause Gas Iron Co. v. Crane Co., 235 F. 126, 131; Whiting Mfg. Co. v. Alvin Silver Co., 283 F. 75, 78; American Fabrics Co. v. Richmond Lace Works, 24 F.(2d) 365, 367; Berlinger v. Busch Jewelry Co., 48 F.(2d) 812. It is doubtful whether the opinions which are supposed to set up the other standard really meant to do so; the language was discursive rather than constitutive, and can be naturally enough limited to the concrete situations before the courts, upon which it was appropriate enough comment; but if this be not the explanation, we cannot agree. True, the piracy of designs, especially in wearing apparel, has been often denounced as a serious evil and perhaps it is; perhaps new designs ought to be entitled to a limited copyright. Efforts have been made to induce Congress to change the law so as to give some such protection, without success so far; and until it does, new designs are open to all, unless their production demands some salient ability. In extenuation it must be remembered that, although it might be just to prevent the defendant at bar from pirating this design, piracy is no part of the case against him; the plaintiff can succeed only in the event that an innocent and spontaneous reproduction of the design would also be unlawful. Plainly it is a debatable question whether the law should create such a monopoly, unless the monopolist's contribution is something out of the common. On the showing here made, the patent is invalid.