**BARONE v. CARLTON SPORTSWEAR, Inc.**

District Court, S. D. New York.

Nov. 9, 1939.

Charles Sonnenreich, of New York City, for plaintiff.

Alfred Satz, of New York City, for defendant.

COXE, District Judge.

This is a suit for infringement of the Kalish design patent, No. 109,856, issued May 24, 1938, for an ornamental design for a dress.

The design is characterized by strips of embroidery on the waist and sleeve portions of the dress simulating in appearance shoots or sprigs of shrubs or plants. These strips start at the waist line, and extend upward at the front and rear of the dress; there is also a belt in harmony with the embroidery; and a row of buttons runs from the front neck opening of the waist to the top of the belt.

The design of the patent was the work of a skilled designer in the employ of the plaintiff; it immediately attracted attention in the trade when it appeared on the market in 1938; and soon afterwards the defendant started selling substantially the same dress at a considerably lower price.

██ I am satisfied that the patent, if valid, has been infringed by the defendant. But is the patent valid? To sustain it there must be a finding of "some salient ability" amounting to invention. Nat Lewis Purses v. Carole Bags, 2 Cir., 83 F.2d 475. The closest reference is the Jaccarino design patent, No. 160,830, issued Nov. 2, 1937, for an ornamental dress design. In this design, the ornamentation consists of embroidered twigs, with leaves, running downward from the shoulders of the dress, both front and rear. It is true that these twigs and leaves do not extend upward from the waist line as in the Kalish design. It is also true that the lines of the two dresses are not identical. The general appearance of both designs is, however, much the same. I do not believe, therefore, that the advance made by Kalish over Jaccarino shows the necessary "salient ability" needed to sustain the patent.

The Kalish design patent, No. 109,856, is accordingly held invalid for lack of invention, but without costs.