## MARY MUFFET, Inc., v. LOMA DRESS CO., Inc.

District Court, S. D. New York.
April 2, 1941.

Charles Sonnenreich, of New York City, for plaintiff.

Abraham Rotwein, of New York City (Carl M. Cohen, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is an action for patent infringement. Plaintiff is the owner of two dress design patents: No. 110,060, issued to Morris Sobelman on June 7, 1938, and No. 111,481, issued to Morris Sobelman on September 20, 1938. Both patents were duly and subsequently assigned to plaintiff. Both plaintiff and defendant are manufacturers of ladies' dresses.

Plaintiff in the course of its business manufactured and put out to the trade dresses embodying the designs covered by the said letters patent, and there was offered in evidence during the trial copies of such dresses. Subsequently defendant manufactured and sold two certain style dresses, which they put out for sale. Copies of these styles were offered in evidence.

Plaintiff claims that these dresses of defendant are an infringement upon plaintiff's patents. I am satisfied that they are right. A comparison of defendant's alleged infringing dresses, and plaintiff's patents and its dresses embodying its patented design, convinces me that there is a great similarity. In fact, such a similarity that it amounts to identity. This leads to the conclusion that defendant was guilty of copying. I therefore hold that the charge of infringement has been sustained.

The real issue, however, in this case is the validity of plaintiff's design patents. Defendant's contention is that plaintiff's patents are void for lack of invention, and defendant has submitted to the court various sketches and prior patents to sustain this contention.

Before taking up this question, I think I should set forth the legal yardstick by which this controversy should be measured. The court in the case of Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475, 476, had this to say: "If the test of invention is the same for design, as for mechanical, patents, the patent in suit cannot survive. There has undoubtedly been some vacillation about that question in the books. Some opinions appear to imply that if a design be new and pleasing enough to catch the trade, nothing more is required. Wood & Sons v. Abelson's Inc. [3 Cir.], 74 F. (2d) 895, may possibly be so read, and something very close to it appeared in Graff et al. v. Webster, [2 Cir.], 195 F. 522; Dominick & Haff v. [R.] Wallace & Sons Mfg. Co. [2 Cir.], 209 F. 223; and Mygatt v. Schaffer [2 Cir.], 218 F. 827. When Steffens v. Steiner [2 Cir.], 232 F. 862, was in the District Court, the judge sustained some patents for cigar bands, which were new but to whose production no greater talents were necessary than those of journeymen designers. This he did, because he read the three decisions we have just cited as establishing a different standard for design from that for mechanical patents. We said no; we held that a design patent must be the product of 'invention,' by which we meant the same exceptional talent that is required for a mechanical patent. Since then we have several times expressly reiterated the doctrine. Strause Gas Iron Co. v. [William M.] Crane Co. [2 Cir.], 235 F. 126, 131; Whiting Mfg. Co. v. Alvin Silver Co. [2 Cir.], 283 F. 75, 78; American Fabrics Co. v. Richmond Lace Works [2 Cir.], 24 F. (2d) 365, 367; Berlinger v. Busch Jewelry Co. [2 Cir.], 48 F. (2d) 812."

And again in Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, Inc., 2 Cir., 112 F. 2d 715, 716, in following the principle laid down in the above-quoted case, used this very pertinent and unequivocable language:

"In this circuit it is firmly established that more is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of 'invention,' by which is meant that conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475. Such a standard is necessarily vague and difficult of application. Nevertheless, 'we are obliged to determine, as best we may, whether the design in question is original and æsthetic and involved a step beyond the prior art requiring what is termed "inventive genius." ' See A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99. In the case at bar the prior art showed numerous designs for dresses each of which had one or more of the salient features of the patent in suit. To combine them into the design of the patent produced a dress of new and pleasing appearance which caught the fancy of the purchasing public in the summer of 1938, but we cannot say that it required more than the skill of a good dressmaker who had, or is chargeable with, knowledge of the prior art. We think the patent is invalid. The decree should be reversed and the complaint dismissed. So ordered."

After having heard and reviewed the testimony, and with these decisions as guides, I can conclude only that invention is lacking in plaintiff's designs and that what I do find is the product of the skill of an experienced designer. I find that the product does not involve "a step beyond the prior art requiring what is termed 'inventive genius' ".

It will not be necessary for me to go into detail in analyzing the various elements that go to make up plaintiff's design. Suffice to say that I have found in the various exhibits offered by the defendant, to show the prior art, many instances of the various elements and details which go to make up plaintiff's design. True all of them are not found in one garment, but this is not necessary. What has been done, is to take various elements old in the art, and combine them in a dress; the result being that which one would expect from a good, skilled designer.

The dress contemplated by patent 110,060 has for its chief and outstanding feature as set forth in the claim "an applique on the front, sleeve and collar portions of the dress". I have been shown various sketches and designs of previous date in which applique is used, perhaps not of the same texture and material, but of the same general nature. Applique in dresses as provided for in plaintiff's patent is not new, but old in the art. Other elements of the design, such as, puffed sleeves, a Peter Pan collar, a coat dress effect, are not new, but old in the art and have been so proved before me.

With regard to the design of patent 111,481, I find nothing peculiarly striking in novelty. It is rather a commonplace design and I find no advance over the prior art. The cut of the skirt, the embroidery on the skirt, collar and sleeves, the short puffed sleeves, the row of buttons on the front of the waist, have been present on many dresses in the prior art, as the proof shows.

Taking it all in all, I find nothing new or striking in plaintiff's two garments, and nothing of any great novelty; nothing which amounts to invention.

I therefore have come to the conclusion that plaintiff's patents are invalid, and I direct that a decree be entered dismissing plaintiff's complaint.

The defendant's attorney should submit to me, through the clerk's office, on five days' notice of settlement, simple findings of fact and conclusions of law for my signature. They should be typewritten, triple-spaced, so that I may readily make any necessary changes. I suggest that plaintiff's attorney, if he be so disposed, submit, on two days' notice, criticisms of the proposed findings, as counter-findings will avail him nothing.