## LEHMANN v. AEROLUX LIGHT COR-PORATION et al.

District Court, S. D. New York.

May 1, 1941.

Fredericks & Kahr, of New York City (Charles Fredericks, of New York City, of counsel), for plaintiff.

Hyland R. Johns, of New York City (Edward S. Higgins, of New York City, of counsel), for defendants.

INCH, District Judge.

Plaintiff sues the defendants for alleged infringement of a design patent. The defendant denies any such infringement, and also claims that the patents are invalid.

There are two design patents involved, one numbered 86245 and one numbered 86246.

The design of Patent No. 86245 relates to a crucifix lamp. The design of Patent No. 86246 relates to a Masonic emblem lamp.

There is nothing new in the idea of a crucifix, whether a plain cross or one with a corpus. Certainly there is nothing new in the well known Masonic emblem.

What plaintiff has done is to insert a cross, or crucifix, in an electric light bulb, and he has done the same thing with the Masonic emblem.

There is no doubt but that some people might think either combination attractive, but prior art globe lamps are old, and are quite often used at funerals and other places where the cross would be appropri-

ate, and I suppose that a Masonic emblem inside of a lamp might be desired by those in charge of certain affairs, or even in the home.

But this is a long way from saying that these designs show invention, and that there must be invention and not mere mechanical skill, however convenient or attractive the combination may prove to be, is well established. Smith v. Whitman Saddle Co., 148 U.S. 674–679, 13 S.Ct. 768, 37 L.Ed. 606; Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380; Nat Lewis Purses, Inc. v. Carole Bags, Inc., 2 Cir., 83 F.2d 475.

As in my opinion the patents are invalid for lack of invention I see no reason to discuss the question of alleged infringement, but I may say that it would appear to me from the prior art that the range of equivalents is extremely limited, and that a comparison of the designs of defendants show differences, although minor, and that would be sufficient to avoid infringement, were it necessary to go into that question.

Complaint is dismissed with costs. Submit findings.