## WHITE et al. v. LOMBARDY DRESSES, Inc.

District Court, S. D. New York.
June 2, 1941.

See, also, D.C., 40 F.Supp. 216.

Charles Sonnenreich, of New York City, for plaintiffs.

Herman Mendes, of New York City (W. Lee Helms, of New York City, of counsel), for defendant.

CONGER, District Judge.

Plaintiffs have sued defendant for infringement of two dress design patents. The action was referred to a Special Master for trial. The issues were tried before him and he has duly made and filed his report. The Master found that the design patents of the plaintiffs were valid, and infringed by the defendant and that the infringement by the defendant was deliberate and wilful.

The matter now comes to me on the application of the plaintiffs to confirm the report of the Master.

Patent No. 121449 and 121452, each for a design for dress ensemble, were issued on July 9, 1940, to one Syd Novak, who subsequently assigned the patents to plaintiffs.

In his report, the Master has passed on several motions made by the attorney for the plaintiffs, viz:

(1) Motion to strike from the record exhibits D, E, F, G, J-1, J-2, L, M, N, O, P and S;

(2) To strike from the record the testimony and evidence given by the defendant's witnesses Green, Wisoker and Littmann, as to the state of the art on the ground that plaintiffs' counsel never received any notice as to such offer of proof; and

(3) To strike from the record the testimony of any of defendant's witnesses with respect to exhibits O, P and S for identification.

The Master has denied these motions. I agree with him in this respect and with his reasons therefor.

In the discussion of the Master's report on the merits of the controversy between these parties, I shall first take up the alleged infringement by the defendant.

The plaintiffs are manufacturers of dresses which are designed specially for young girls, college girls. Plaintiffs spend considerable money each year in designing dresses. Defendant is also a manufacturer of dresses, which are not of the same quality as those of plaintiffs, and sell to the public for much less.

Plaintiffs manufactured two styles of dresses embodying the patents in suit; they were intended for the fall trade (1940). Plaintiffs had a showing in Chicago on June 10th, 1940, of its dresses and later in New York on July 8th, 1940. At this showing were exhibited the dresses made in conformity with the patents in suit. Later these dresses were manufactured and sent out to the trade.

During the same month of July, defendant started to manufacture and put out for sale the dresses which are said to infringe plaintiffs' patents.

There was offered in evidence two of defendant's dresses, one of each style, and two of plaintiffs' dresses. An examination of them and a comparison with plaintiffs' dresses and plaintiffs' patents show a great similarity. Defendant's dress of the one style is almost identical with plaintiffs' corresponding patent and dress. The same applies to the other style. There are only slight differences which are not readily apparent. The only real difference seems to be in the quality of the goods and the workmanship.

I agree with the Master that defendant's dresses constitute an infringement of plaintiffs' design patents.

I also agree with the Master that the infringement was wilful. There is ample evidence to support this finding. Defendant's president, Mr. Blauner, stated that for the fourteen years he had been with defendant, it has been their practice to buy models of expensive dresses and copy them in whole or in part. He testified that he bought

samples of plaintiffs' dresses somewhere in the south and brought them back with him and duplicated them. On the stand he did not deny that his alleged infringing dresses were identical, at least in appearance, with plaintiffs' dresses.

In this connection, the Master has correctly found, as follows: "Plaintiffs' attorney went to see defendant's president, prior to the bringing of this action, for the ostensible purpose of notifying defendant of its infringement of the two patents in suit and requesting the discontinuance of the infringement. The testimony of defendant's president and two of his business friends who were called by plaintiffs, was unsatisfactory. They had lapses of memory when they got to important facts."

The question of the validity of plaintiffs' patents presents a more serious question. The Master has found exceptional skill beyond the skill of the art, to be present in plaintiffs' patents, and he therefore has held them valid.

■ The Master has presented an excellent and well reasoned report, but unfortunately I am compelled to disagree with him, in the light of the recent decisions of the Circuit Court of Appeals for this Circuit. Using these recent decisions as yardsticks, I can conclude only that what the designer here did was to use certain elements old in the art and combine them to create a garment, or garments, which were pleasing to the eye to catch the trade. This does not amount to invention. Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475; Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, 2 Cir., 112 F.2d 715.

■ In the Nat Lewis Purse case, supra [83 F.2d 476], the court said in part: "If the test of invention is the same for design, as for mechanical, patents, the patent in suit cannot survive. There has undoubtedly been some vacillation about that question in the books. Some opinions appear to imply that if a design be new and pleasing enough to catch the trade, nothing more is required. Wood & Sons v. Abelson's, Inc. [3 Cir.], 74 F.(2d) 895, may possibly be so read, and something very close to it appeared in Graff et al. v. Webster [2 Cir.], 195 F. 522; Dominick & Haff v. Wallace & Sons Mfg. Co. [2 Cir.], 209 F. 223; and Mygatt v. Schaffer [2 Cir.], 218 F. 827. When Steffens v. Steiner [2 Cir.], 232 F. 862, was in the District Court, the judge sustained some

patents for cigar bands, which were new but to whose production no greater talents were necessary than those of journeymen designers. This he did, because he read the three decisions we have just cited as establishing a different standard for design from that for mechanical patents. We said no; we held that a design patent must be the product of 'invention,' by which we meant the same exceptional talent that is required for a mechanical patent. Since then we have several times expressly reiterated the doctrine. Strause Gas Iron Co. v. [William M.] Crane Co. [2 Cir.], 235 F. 126, 131; Whiting Mfg. Co. v. Alvin Silver Co. [2 Cir.], 283 F. 75, 78; American Fabrics Co. v. Richmond Lace Works, [2 Cir.], 24 F.(2d) 365, 367; Berlinger v. Busch Jewelry Co. [2 Cir.], 48 F.(2d) 812."

And in following the principle there laid down, the Court used this language in Neufeld-Furst & Co., Inc., v. Jay-Day Frocks, Inc., supra [112 F.2d 716]: "In this circuit it is firmly established that more is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of 'invention,' by which is meant the conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475. Such a standard is necessarily vague and difficult of application. Nevertheless, 'we are obliged to determine, as best we may, whether the design in question is original and aesthetic and involved a step beyond the prior art requiring what is termed "inventive genius."' See A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99. In the case at bar the prior art showed numerous designs for dresses each of which had one or more of the salient features of the patent in suit. To combine them into the design of the patent produced a dress of new and pleasing appearance which caught the fancy of the purchasing public in the summer of 1938, but we cannot say that it required more than the skill of a good dressmaker who had, or is chargeable with, knowledge of the prior art. We think the patent is invalid. The decree should be reversed and the complaint dismissed. So ordered."

It will not be necessary for me to point out the salient features of plaintiff's designs, and to compare them with the prior art. The Master has pointed out the simi-

larities and differences. He has found at least with respect to one patent (No. 121449) that all of the elements are old. I think this also applies to both patents. Practically every salient element in plaintiffs' designs are indicated in the prior art offered in evidence.

True not all of the elements are in the same combination and certainly not all of them are in the same dress. But this is not necessary; neither is it necessary that the prior art show the exact elements of the design patent.

I have examined plaintiffs' design patents, as well as the dresses that were manufactured in conformity therewith, and then I have compared them with the prior art in evidence, element for element, and I find that practically every salient feature in plaintiffs' designs is in the prior art.

Plaintiffs' dresses are well made and rather attractive, but I fail to find in them anything new, novel or striking, or anything which makes them stand out so that one would say: "This is a real advance, an invention." I do find here the work of a good designer.

It is unfortunate for the plaintiffs that the piracy of their design patents may not be protected here. They spend a great deal of money each year in designing new styles and in putting out to the buying public attractive dresses. It may very well be assumed that the more attractive the dresses are, the more readily they will be copied. It may be that new designs ought to be entitled to a limited copyright, but that remedy is with Congress. Nat Lewis Purses, Inc., v. Carole Bags, Inc., supra.

In passing on this question I have not considered defendant's exhibit K, Novak's design patent No. 120837. The Master has found that "since Novak's prior patent was not knowledge or use by others in this country prior to his invention and was not a patent or publication before his invention, 35 U.S.C.A. 31, it is not in the art prior to patent No. 121452 in suit." I have followed this finding.

I am therefore of the opinion that plaintiffs' designs patents are invalid for want of invention. The Report of the Master in this respect is set aside and reversed, in all other respects affirmed. Settle order on notice.