### BERLINGER v. HOFFMAN.
#### No. 3236.

District Court, E. D. New York.
Jan. 5, 1929.

Morris Kirschstein, of New York City, for plaintiff.

John S. Zvirin, of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge.

This is an action in equity based on the alleged infringement of design patent No. 70,209, for wedding ring, issued by the United States Patent Office to J. Berlinger, May 25, 1926, on an application filed April 19, 1924.

The design, as described by the Examiners in Chief of the Patent Office, consists of the arrangement or obvious symbology of two series of hearts, those of each series arranged side by side and alternately with those of the second series, and the base or points which point transversely relatively to the circumference and in opposite direction to those of the other series.

In addition, each heart is provided with a centrally arranged decoration, mark, or embellishment, designating the center of the heart.

The defendant attempted to show anticipation and lack of invention over the prior art.

The evidence offered as to the making of the ring by Malden, taken as a whole, is not of the character required to show anticipation; on the contrary, the earliest date of conception and reduction to practice that can be assigned to him is December 24, 1922, while as to the plaintiff the evidence shows that he conceived the design and reduced it to practice at least as early as December 20, 1922, therefore the Malden ring is not an anticipation, nor is it prior art.

The evidence offered to show anticipation by Abrams is not of the character required to prove anticipation, as it is all of it dependent on recollection; even the date of the making of the ring offered in evidence not being fixed by any written evidence, or even by fairly supporting oral testimony.

A patent would have but little value if it could be defeated by such evidence.

No prior art has been shown by convincing evidence which in any way suggested or contemplated the design of the patent in suit.

That a heart or hearts undoubtedly have been used in forming designs for various purposes, including wedding rings, cannot be questioned, but not in the manner of the patent in suit; and the artistic merit of the design cannot be denied simply because it might not appeal to the taste of every one; on the contrary, it seems to me that it is a design of a new and ornamental shape and does possess artistic merit, and that the designed arrangement represented more than the mere skill of one versed in the art.

The patent is valid and infringement is clearly shown.

A decree may be entered in favor of the plaintiff, with costs.

Settle decree on notice.