**BERLINGER v. BUSCH JEWELRY CO., Inc.**

**No. 4607.**

District Court, E. D. New York.

Aug. 19, 1930.

Morris Kirschstein, of New York City, for plaintiff.

Levisohn, Niner & Levisohn, of New York City (Edwin Levisohn, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a suit in equity, for injunction, accounting, and damages for the alleged infringement of design patent No. 70,209, issued to the plaintiff for a wedding ring, dated May 25, 1926, on an application filed April 19, 1924.

The defenses are invalidity and noninfringement.

Not only is the patent presumptively valid, but it has been adjudicated to be valid after trial on the merits in this court, in the action of Berlinger v. Hoffman, 42 F.(2d) 677, opinion filed January 5, 1929, and the burden is upon the defendant to overcome this presumption.

The application was finally rejected by the Examiner of the Patent Office, and the Examiners in Chief on appeal reversed the Examiner and the patent issued.

In their decision on such appeal, the Examiners in Chief of the Patent Office aptly described the design of the patent in suit as follows:

"The design consists of the arrangement or obvious symbology of two series of hearts, those of each series arranged side by side and alternately with those of the second series, and the bases or points of which

point transversely relatively to the circumference and in opposite direction to those of the other series."

In addition, each of the hearts is provided with a centrally arranged decoration, mark, or embellishment, designating the center of the heart. As plaintiff describes the motif of the design, it is that the band is made up of individual hearts, one pointing towards the giver and the other one towards the one that accepts the ring.

He also described the circles shown in the center of each heart as "a symbolization of the center of each heart."

The design has been put into commercial use.

But two prior art patents were introduced in evidence by the defendant, in the case of Berlinger v. Hoffman, supra.

On the trial of the instant suit many additional prior art patents and catalogues were introduced in evidence by the defendant.

The motion of the plaintiff to strike out the following design patents offered in evidence, the filing dates of which were subsequent to April 19, 1924, the filing date of the patent in suit, is granted, with an exception to the defendant, as they form no part of the prior art:

H. G. Kaufman, design 65,575.
S. Hyman, design 67,343.
A. Brod, design 67,741.
A. Brod, design 67,743.
H. G. Kaufman, design 68,378.
L. Fiedler, design 68,568.
E. H. Clifford et al., design 68,613.
E. J. Gross, design 68,855.
A. Sager, design 68,993.
R. Winberg, design 69,002.
H. W. A. Goetzke, design 69,351.
B. Veit, design 69,809.
I. Garlin, design 70,217.
R. Rosenthal, design 70,982.
A. Horvat, design 71,274.
A. Werner, design 71,314.
L. Vastano, design 71,346.
J. Pejchar, design 71,500.
L. Levine, design 71,595.
L. Levine, design 71,599.
L. Levine, design 71,600.
L. Levine, design 71,603.
L. Levine, design 71,607.
A. Horvat, design 71,834.
J. Dinhofer, design 72,204.
B. Skaletzky, design 73,586.
B. Skaletzky, design 73,587.
D. Pevny, design 74,388.
B. Gross, design 74,926.

J. Kruger et al., design 75,164.
J. Schumer, design 75,809.
A. Sager, design 76,005.
E. J. Gross, design 80,009.
E. J. Gross, design 80,833.

The number of patents offered in evidence makes it impracticable to analyze them separately, and I will therefore follow the method adopted by plaintiff's attorney and generally analyze them by groups.

Those that show rings having a single heart included in the design thereof:

Henrich, design 12,957.
Hansen, design 38,935.
Jacobs, design 51,067.
Jacobs, design 51,068.
Jacobs, design 51,069.
Jacobson, design 51,141.
Jacobson, design 51,264.
Cohn, design 59,195.
Cohn, design 59,196.
Zoldo, design 59,316.
Rufeisen, design 59,523.
Eisenberg, design 62,713.
Sworbell, design 64,216.

Those that show ring designs wherein a pair of hearts is placed side by side with the points in the same direction, and in some of which the hearts overlap and have an arrow therethrough:

Roede, design 48,763.
Simmons, design 51,891.
Meyers, design 54,112.
Rossein, design 57,728.
Robinson, design 62,388.
Brogan, design 63,993.

A pair of overlapping hearts with an arrow therethrough is shown in patent to

Hodnefield, design 62,727.

A pair of separated hearts, the points in opposite directions, with an arrow on each of the hearts, is shown in patent to

Schnelling, design 63,917.

Those that show rings having as part of the band ornamentation hearts longitudinally aligned and pointing in opposite directions, the latter Simpson showing the hearts interlocked:

Simpson, design 56,836.
Simpson, design 56,837.
Yappelli, design 61,129.
Spiro, design 62,747.

A wrist watch casing with the edge portions ornamented with separate hearts, with arrows through the hearts, is shown in patent to

Bastheim, design, 62,598.

Those that show hearts longitudinally aligned and pointing in the same direction:

Jacobs, design 53,913.

Bowden, design 56,856.

Kaufman, design 61,913.

Kaufman, design 64,544.

Grossman, design 1,431,652.

Lott, design 48,074.

Lott, design 48,075.

Rosenberger, design 48,232.

O'Brien, design 59,768.

Kreisler, design 60,418.

Kreisler, design 60,495.

Kleinman, design 60,991.

This last-mentioned group, as well as the group last before that referred to, shows the hearts to be in end to end relation, quite different from the design of the patent in suit.

The hearts are shown in different positions and not having any relation to one another, in the manner of the hearts of the patent in suit, in the patents to

Simmons, design 62,922.

Bross, design 62,470.

The defendant also offered in evidence catalogues, to which I will briefly refer.

Clark & Coombs, manufacturing jewelers, page 23, item No. 602, shows wide wedding band having thereon a number of distorted heart-shaped portions, spaced from each other in side to side relation, and pointing in the same direction.

Page 47, item No. 549, shows wide wedding band having a number of leaves thereon, but does not show any hearts.

Page 49, item No. 412, shows a wide wedding band having distorted heart-shaped portions spaced from each other and pointing in the same direction.

Benson's Bond Street Novelties, page 23, shows cuff-links comprising heart-shaped members.

Oskamp-Nolting & Co., page 101, items Nos. 6831 and 6835, show a relatively wide cylindrical band having engraved or formed thereon leaf, rather than heart-shaped, portions, spaced from one another and pointing in opposite directions, with a fleur de lis on each of such leaf-shaped portions.

Page 100 shows some rings having two overlapping or interlocked hearts.

Kreisler, item No. 62, shows what is known in the jewelry trade as a gallery, which is used in filling open spaces in articles of jewelry, such as brooches and the like. The design is not that of separate and distinct hearts in reversed relation, in themselves making up the band of the ring, and it does not give the slightest suggestion thereof to me.

The so-called hearts have straight sides, being wedged-shape with double-curved tops, and two contiguous so-called hearts, having a common straight side.

It certainly made an entirely different impression on my eye than the design of the patent in suit.

On behalf of the defendant, great industry has been displayed in gathering together the patents and catalogues offered as prior art, but it does not seem to me that more has been accomplished than to show that hearts, in various positions, are old as design elements in jewelry.

None of the patents' or catalogues offered show what I consider to be the design of the patent in suit, a ring composed of individual hearts, being substantially similar in shape and in side to side relation, and pointing in opposite directions, the width of the band being determined by the length of one of the hearts, the hearts touching each other, and the edges of the band conforming to the contours of the hearts.

It is not necessary for me to further discuss separately the patents and catalogues on which defendant places its reliance, as I have already discussed them, either in groups or individually, but we must not forget that in the design of the patent in suit the hearts are not merely engraved, marked, or stamped on the cylindrical band, but the band itself is composed of hearts, which are placed with contacting side edge portions, for forming the ring, and none of the prior art created on my eye the impression made by the design of the patent in suit.

After examining all of the prior art offered on this trial, I am impressed with the fact that notwithstanding the free use of hearts in jewelry designs, the design of the patent in suit is new and artistic, pleasing in appearance, with a characteristic grace of its own, and represents invention and not the mere skill of one versed in the art and this is true even though the well-known heart shape is used, as the combined design, in my opinion, is new. Smith v. Whitman Saddle Company, 148 U. S. 674, 13 S. Ct. 768, 37 L. Ed. 606; American Fabrics Co. v. Richmond Lace Works (C. C. A.) 24 F.(2d) 365; Untermeyer v. Freund (C. C. A.) 58 F. 205, 209.

What the defendant thinks of the design of the patent in suit is better shown by its acts than by words, for with all the wealth of the prior art from which to choose, it has passed it by, and in Exhibit 8 has made a Chinese copy of the design of the patent in suit.

There has been acquiescence and some degree of commercial success.

The patent is valid.

This brings us to the question of infringement.

Exhibit 8 is a Chinese copy of the design of the patent in suit and infringes.

So much of Exhibit 9 as is shown when the ring is worn or displayed is made up of the reversed hearts, the same as shown in the patent.

In my opinion the ordinary observer or purchaser would be deceived, and it seems to me to be at least a colorable imitation, and servile imitation is not required to infringe. Mygatt v. Schaffer (C. C. A.) 218 F. 827, 832, 833.

Any ordinary observer, seeing the ring on the finger of another, or displayed in the ordinary manner, with the reversed hearts portion exposed and the balance of the ring stuck in the usual grooved portion of the tray or jewelry box, would be confused, and that is the test. Graff, Washbourne & Dunn v. Webster (C. C. A.) 195 F. 522.

The articles may be compared as they appear when in use. Macbeth-Evans Glass Co. v. Rosenbaum Co. (D. C.) 199 F. 154.

The defendant infringes the patent in suit both by making and selling rings, Exhibits 8 and 9.

A decree may be entered in favor of the plaintiff against the defendant, with injunction and costs, and the usual order of reference.