MALLINSON et al. v. RYAN.

(District Court, S. D. New York. April 19, 1917.)

1. PATENTS ⬦313—SUITS FOR INFRINGEMENT—MOTIONS TO DISMISS.
    Motions to dismiss under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) are to be encouraged in suits for infringement of simple design patents, where a mere inspection of the patent is all that would be necessary on final hearing.

2. PATENTS ⬦328—VALIDITY—DESIGN FOR FABRIC.
    The Hanson design patent, No. 50,307, for a design for a textile fabric having stripes defined by irregular and wavy dividing lines, held void for lack of invention.

3. COURTS ⬦290—JURISDICTION OF FEDERAL COURTS—JOINDER OF CAUSES OF ACTION.
    In the absence of diversity of citizenship, a federal court is without jurisdiction of a suit for unfair competition, although joined with a cause of action for infringement of patent, where the alleged unfair competition arises from acts independent of the infringement, and, even though arising out of the acts constituting infringement, the court is not obliged to take jurisdiction.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 832.]

In Equity. Suit by Hiram Royal Mallinson and Eugene Irving Hanson, copartners doing business as H. R. Mallinson & Co., against Matthew W. Ryan, trading as Wm. H. Brown & Co. On motion to dismiss bill. Motion sustained.

T. Hart Anderson, of New York City, for the motion.
Briesen & Schrenk, of New York City, opposed.

MAYER, District Judge. The suit is between citizens of the state of New York, and the bill alleges the infringement of a design patent, and "that the court's jurisdiction is invoked primarily under the patent laws of the United States," and then concludes with allegations of unfair competition.

[1] The motion to dismiss is made on the ground (1) that the patent on its face is void for lack of invention; and (2) that the court has not jurisdiction in respect of the cause of action for unfair competition because of lack of diversity of citizenship. Such motions to dismiss, made under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) are to

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be encouraged in the case of simple design patents, where the mere inspection of the patent is all that would be necessary on final hearing, and this practice saves time and expense and tends to prompt disposition of litigation—all to the benefit of litigant, court, and counsel.

[2] 1. The design of the patent in suit (No. 50,307, to Eugene Irving Hanson) is for a textile fabric, and is represented by the drawing below:

"The stripes *a*, *b*, *c*, and *d* composing my design," says the patentee, "are separated or defined, not by straight lines, but by irregular and wavy lines, whereby the monotonous continuity of the stripes is broken and a soft draped effect is imparted to the fabric bearing my design. The design is intended to be repeated on the fabric."

How such a design involves invention is beyond my comprehension, especially in view of what has been recently said in Steffens v. Steiner, 232 Fed. 862, 147 C. C. A. 56, and Strause Gas Iron Co. v. William M. Crane Co., 235 Fed. at page 130, 148 C. C. A. 620. Can it conceivably involve patentable novelty to draw a few spaced apart parallel lines on a gown, a parasol, a shirt, a shawl, a rug, or the many other articles made up of textile fabrics? To so hold would undignify the whole theory of invention and transmute the simplest effort (not merely of a man skilled in the art, but of almost any person of ordinary intelligence) into the basis for the monopolistic grant which was intended to be a valuable reward for that which was really a contribution to the arts and sciences.

[3] 2. The complaint alleges a cause of action for unfair competition. This unfair competition is alleged to consist in the adoption by defendant of certain details and nonfunctional characteristics which identify and individualize the fabrics marketed by plaintiffs. In other words, the charge, in effect, is that, in addition to adopting the irregular lines in the manner of the patent, defendant has presumably used the same colors as plaintiffs, arranged in the same succession.

Obviously, if plaintiffs put out a fabric, for instance, in lines of

black, letting the intervening space be white, and defendant puts out a fabric with lines of blue, letting the intervening space be yellow, there would not be unfair competition; assuming that defendant did not do any other acts by way of misrepresentation, similarity, and the like, which would tend to deceive the public. Therefore, as the unfair competition would arise essentially from acts independent of the infringement, the facts making up the unfair competition would constitute an independent cause of action. In such a case it is settled beyond question that this court is without jurisdiction, in the absence of diversity of citizenship. It is enough to refer to Ross v. H. S. Geer Co. (C. C.) 188 Fed. 731, at page 733, where the court concisely says:

"As the parties are all citizens of the state of New York, this court has no jurisdiction of an action for unfair competition in trade pure and simple."

The court, however, may take jurisdiction where a federal question is presented in good faith, and local or state questions are intertwined with the situation disclosed, as in Siler v. Louisville & Nashville R. R. Co., 213 U. S. 175, 29 Sup. Ct. 451, 53 L. Ed. 753. This is the theory to which Judge Ray referred in Onondaga Indian Wigwam Co. v. Ka-Noo-No Indian Mfg. Co. (C. C.) 182 Fed. 832, and to which Judge Baker referred in Ludwigs v. Payson Mfg. Co., 206 Fed. 60, 124 C. C. A. 194. Judge Baker states the principle as follows:

"Under such circumstances (whether the compactness for cheapness of manufacture and the ornamental form are within the protection of the claims or not) a federal court of equity, in granting relief for the infringement of the mechanism, ought not to remit the complainant to another forum to mete out the damages which necessarily appear in proving the infringement, and which, though in one aspect arising from fraud in trade, in a fairer aspect are aggravations of the infringement."

In the Onondaga Indian Wigwam Co. Case, the court merely passed on demurrer on the question of multifariousness. If the bill in the suit at bar be regarded as setting forth a case of unfair competition arising out of the acts constituting infringement and sufficiently interrelated therewith, nevertheless the court is not obliged to take jurisdiction. Doubtless there are many cases where it is desirable to retain jurisdiction, but there are other cases where the contrary is the case, and such is the suit at bar; for here the parties can litigate their controversy competently in the state court where it belongs, and, the patent question having been determined at the threshold of the litigation, there is no good reason why the United States courts should permit a litigation to continue, and especially where numerous causes properly here are entitled to the attention of the court.

Motion to dismiss bill granted, with costs.