### In re DAVIES.

#### Patent Appeal No. 3329.

Court of Customs and Patent Appeals.
Dec. 3, 1934.

William G. Feely, of Washington, D. C. (Charles E. Riordon and C. Russell Riordon, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner rejecting appellant's application for patent, the claim of which reads, "The ornamental design for an electric light sign, as shown."

From the brief for appellant we quote the following description:

"Applicant's design as illustrated and claimed comprises an electric light sign in the form of a shield having its lower portion presenting the effect of a chevron having four V-shaped stripes in parallel relationship, each of color contrasting with that of its adjacent stripe and the whole surmounted by a shield-shaped upper portion. The lowermost three stripes are relatively broad in comparison with the relatively narrow fourth stripe adjacent the shield-shaped upper portion."

The brief of the Solicitor for the Patent Office gives a somewhat more detailed description as follows:

"Appellant's design comprises in outline a geometric figure, generally rectangular, except that the lower side is obtusely V-shaped. The lower portion of the front face of the sign is ornamented by the use of stripes of contrasting colors. These stripes follow the configuration of the lower V-shaped edge and consequently are V-shaped. Four stripes are shown, the upper one being much narrower than the others which are of substantially uniform width, producing a chevron effect."

The references relied upon are Jacobs, design 53,126, March 25, 1919; Brendza, design 53,194, April 15, 1919; "Rear Admiral," page 416 of the National Geographic Magazine, October, 1917.

The patent to Jacobs is for design for "Service Flag, Pennant, Emblem, or Article of a Similar Nature." It is in the shape of a shield, having a V-formed lower end. On the upper portion are the words "Over

There." The figure of a star is set in the lower portion. The drawing indicates an arrangement of small lines of contrasting colors. The Board of Appeals held that the shape of appellant's sign "is an old shape as disclosed in the patent to Jacobs."

The Brendza patent is for design for "Badge, Button, Pin, or Article of Similar Nature." It is a form of shield having a V-shaped lower end, which end is bordered by a chevronlike stripe. On its upper portion, which is wider than the lower, there are figures of crossed guns. The Board held that the lower portion "has a marked similarity to the corresponding portion of applicant's design."

The magazine publication is a representation of an insignia of a Rear Admiral of the United States Navy, which shows a series of stripes of contrasting size.

The Board said, inter alia:

"It is our view that the impression created by applicant's V-shaped stripes is similar to that created by the V-shaped strip— in Brendza and that in view of the publication disclosure there would be no invention in using a plurality of such stripes the lower ones of which are relatively wide as compared with the upper. Viewed in another aspect it is believed that it would not be a matter of invention to apply the stripes of the publication reference to the lower V-shaped edge of an object and to adapt the stripes to this shape so they would continue along said edge, and especially so in view of Brendza."

The Board also cites the case of Mallinson et al. v. Ryan (D. C.) 242 F. 951, 952, in which the United States District Court for the Southern District of New York held invalid, for lack of invention, a design patent for a textile fabric, the design comprising a series of stripes separated by irregular and wavy lines; the design being "intended to be repeated on the fabric." The court there said:

" * * * Can it conceivably involve patentable novelty to draw a few spaced apart parallel lines on a gown, a parasol, a shirt, a shawl, a rug, or the many other articles made up of textile fabrics? To so hold would undignify the whole theory of invention and transmute the simplest effort (not merely of a man skilled in the art, but of almost any person of ordinary intelligence) into the basis for the monopolistic grant which was intended to be a valuable reward for that which was really a contribution to the arts and sciences."

The Board held the foregoing "pertinent to the facts of the instant case."

So, if we correctly interpret the decision of the Board of Appeals, appellant's application stands rejected upon two grounds, viz. (a) lack of invention over the prior art cited, and (b) lack of invention per se.

It is not always easy to draw the line of demarcation between invention and mere drafting skill where designs are involved. The statute requires invention; the design must be "new, original and ornamental," and patents for designs are subject to general rules of patent law. Rev. St. §§ 4929, 4933 (35 USCA § 73).

In the case of In re Fred C. Walter, 39 F. (2d) 724, 725, 17 C. C. P. A. (Patents) 982, 984, this court had occasion to say:

"In designs, the reward of a monopoly for a given period must be confined to those who have invented new, original, and ornamental designs for articles of manufacture."

In the case at bar, it is urged on behalf of appellant that the references cited are from nonanalogous art, in that his design is for an article having an entirely different purpose and use from the uses and purposes of the respective articles covered by the respective reference designs.

We do not undertake here to consider the question of analogous art as the same may relate to design patents, because it is our opinion that invention per se is lacking in the case at bar.

Appellant's design, after all, when correctly analyzed, presents nothing save alternating lines of a conventional form arranged in conventional shape, and we are unable to discern invention therein.

It is urged in the brief that the article has gone into extensive use. The record presents little evidence as to this, but, conceding it to be true, that would not of itself be sufficient to establish invention and justify the granting of a patent.

The decision of the Board of Appeals is affirmed.

Affirmed.