### ROYAL LACE PAPER WORKS v. U. S. LACE PAPER WORKS, Inc.

No. 7495.

District Court, E. D. New York.

June 18, 1935.

Cornelius Zabriskie, of New York City (Cornelius Zabriskie and Frank S. Moore, both of New York City, of counsel), for plaintiff.

Daniel J. P. Hogan, of New York City, for defendant.

CAMPBELL, District Judge.

This is an action in equity, based on the alleged infringement by the defendant of design patent, No. 80,318, issued by the United States Patent Office to Edward Karfoil, for design for a doily, granted January 14, 1930, on an application filed August 27, 1929.

The said design patent was duly assigned by the said inventor to the plaintiff

Royal Lace Paper Works, by an assignment in writing duly dated on the 2d day of February, 1935, and recorded in the Patent Office on February 5, 1935, in Liber D 162, page 446, and plaintiff is now the lawful owner and holder of said patent.

The defendant has interposed an answer setting up the defenses of invalidity and noninfringement.

The specification contains no description of the design; reliance being placed upon the drawings which form part of that patent.

The patent in suit is for a doily, and is made in different sizes. The design is cut into the paper, or other article from which the doily is made, with a die. The dominating feature of the design is the outer border, the inner border, and the four angular corner pieces, one at each corner, partially interfitting, as that is what first attracts the eye when it looks at the design.

The defendant pleaded eight prior art patents, but offered in evidence only three design patents, issued to J. W. Catty, as follows: No. 32,605, for doily, granted April 24, 1900; No. 36,510, for doily or similar article, granted August 18, 1903; and No. 36,686, for doily or similar article, granted December 22, 1903.

The last-mentioned three patents, in evidence, do not show the dominating feature of the patent in suit. Each of the said three patents shows three or more borders, but none of them shows angular corner pieces, partially interfitting with the outer border at each corner.

None of the three patents so offered in evidence shows the design of the patent in suit, but each has an entirely different general appearance and effect, and I cannot see how any one would confuse the design of the patent in suit with the design of either of said patents.

While it is true that isolated elements of the design of the patent in suit may be found in each of the patents so offered in evidence, the combination of the patent in suit, in its entirety, is not found in any of the said prior art patents.

A design patent cannot be anticipated by showing the elements separately to be old, but the test is the appearance of the whole design, as it appears in use. Ashley v. Weeks-Numan Co. (C. C. A.) 220 F. 899, 902; Bayley & Sons v. Braunstein Bros. Co. (D. C.) 246 F. 314, 316; Pelouze Scale &

Mfg. Co. v. American Cutlery Co. (C. C. A.) 102 F. 916.

Of course, the design patent in suit must involve invention, and it is not enough that it is new, original, and ornamental, but it must also be the result of the exercise of inventive faculty. The test for a design patent is the same as for a mechanical patent.

I find that the patent in suit does involve invention, and novelty is not negatived by combining features that were separately old, or features that were separately found in other articles of the same class. Graff, Washbourne & Dunn v. Webster et al. (C. C.) 189 F. 902, affirmed (C. C. A.) 195 F. 522.

The issuance of the patent in suit is prima facie evidence of its validity. Lehnbeuter v. Holthaus, 105 U. S. 94, 96, 26 L. Ed. 939; Shoemaker, Patents for Designs, § 154, pages 353, 354.

The burden of proof to overcome that presumption rests upon the defendant. Shoemaker, Patents for Designs, page 331; Eloesser-Heynemann Co. v. Bayly-Underhill Mfg. Co. (D. C.) 29 F.(2d) 305, 308; Cantrell v. Wallick, 117 U. S. 689, 695, 696, 6 S. Ct. 970, 29 L. Ed. 1017; Mygatt v. Schaffer (C. C. A.) 218 F. 827, 838.

The patent in suit is valid.

The general arrangement and appearance of the design on the doilies made by the defendant, and alleged to infringe, is the same as in the design of the patent in suit, and the dominating feature is the same, viz., the outer border, the inner border, and the four angular corner pieces, one at each corner, partially interfitting. There are slight differences in the figures going to make up the outer border, the inner border, and angular corner pieces, but any ordinary purchaser would purchase defendant's doily believing it to be the plaintiff's doily, and only by placing the two doilies side by side could the difference be determined by an ordinary purchaser.

It is true that as the specification of the patent in suit contains no description of the design, the plaintiff is limited to the design substantially as disclosed in the drawings of the patent. Ashley v. Samuel C. Tatum Co. (C. C. A.) 186 F. 339; Ashley v. Weeks-Numan Co., supra.

However, servile imitation is not required for infringement even for a de-sign patent without written description. Geo. Borgfeldt & Co. v. Weiss (C. C. A.) 265 F. 268; Whiting Mfg. Co. v. Alvin Silver Co. (C. C. A.) 283 F. 75, 80.

The true test of infringement is whether an ordinary purchaser would purchase defendant's doily, believing it to be plaintiff's doily, and it is not a proper test to place the two doilies side by side, to determine whether or not there are differences. Gorham Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Ashley v. Weeks-Numan Co., supra; American Fabrics Co. v. Richmond Lace Works (C. C. A.) 24 F.(2d) 365, 367.

As the plaintiff's and defendant's doilies (Exhibits 3 and 4) were presented to me without placing the same side by side and comparing the same, the effect produced upon my eyes was that they were the same, and I am convinced that would be the effect produced upon the eyes of the ordinary purchaser, which is the test, and not the effect produced upon the eyes of an expert.

The doily of the defendant infringes.

The defendant contends that it is manufacturing under a later patent, granted to it, but the granting of the subsequent patent raises no presumption of noninfringement. Gorham Co. v. White, supra; Graff, Washbourne & Dunn v. Webster, supra; Ashley v. Weeks-Numan Co., supra; Sampson v. Silverman (D. C.) 275 F. 123; Herman v. Youngstown Car Mfg. Co. (C. C. A.) 191 F. 579, 585.

As it appears that plaintiff failed to mark its patented articles, or the containers or wrappings in which they were sold, with the requisite patent notice, no recovery can be had for damages or profits prior to the giving of notice to the defendant, of the existence of the plaintiff's patent and of the alleged infringement, which notice was given November 26, 1934.

A decree may be entered in favor of the plaintiff against the defendant, for an injunction and profits and damages subsequent to the 26th day of November, 1934; and the usual order of reference unless defendant shall stipulate, without prejudice to its rights on appeal, that profits and damages be fixed at the sum of $250, in which event no order of reference will be made.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law, in accordance with this

opinion, for the assistance of the court, as provided by rule 70½ of the Federal Equity Rules (28 USCA following section 723) and rule 11 of the Equity Rules of this court.