Modified.

23 C.C.P.A. (Patents)

## In re COHN.

### Patent Appeal No. 3548.

Court of Customs and Patent Appeals.

Dec. 2, 1935.

John Lawrence Seymour, of Wilmington, Del. (Charles F. Daley, of Town of Tonawanda, N. Y., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a design patent, which application was rejected by the Examiner, and, on appeal, by the Board of Appeals. The design consisted of a cellulosic ribbon, with a "preferably transparent center portion. The edges of the ribbon are of different color than the center portion and may be either transparent, translucent, or opaque." The Examiner was of opinion that any difference in the appearance of the design over the references "is due to the texture of the material employed rather than a difference in design." The references which the Examiner cited are: Shapack, Des. 83,927, April 14, 1931; Schlechter, Des. 21,745, August 2, 1892.

In the Examiner's statement, he cites, in support of his holding, Mallinson et al. v. Ryan (D.C.) 242 F. 951, 952. The reference patent to Schlechter shows a design for a collar or badge, supposed to be worn about the neck. The baldric in this patent shows the design of a dark stripe along each margin, and an intervening white stripe.

The reference patent to Shapack is a design for a shoe strap, or similar article, and consists of a strap with black marginal stripes and an intervening light stripe. Both the tribunals below seem to have been of the opinion, on the authority of Mallinson et al. v. Ryan, supra, that the design here presented does not involve patentable novelty.

In Mallinson et al. v. Ryan, supra, in the United States District Court, Southern District of New York, a design patent had been granted to the complainant in that suit, and suit had been brought thereon by bill, with allegations of unfair competition. Motion was made to dismiss on the ground that the patent on its face was void for lack of invention, and for other reasons. The design of said patent was for a textile fabric and consisted of alternating stripes of dark and light color, which stripes were separated or defined, not by straight lines, but by irregular and wavy lines, "whereby the monotonous continuity of the stripes is broken and a soft draped effect is imparted to the fabric bearing my design."

The court was of opinion that such a design was not patentable, and expressed itself as follows: "Can it conceivably involve patentable novelty to draw a few spaced apart parallel lines on a gown, a parasol, a shirt, a shawl, a rug, or the many other articles made up of textile fabrics? To so hold would undignify the whole theory of invention and transmute the simplest effort (not merely of a man skilled in the art, but of almost any person of ordinary intelligence) into the basis for the monopolistic grant which was intended to be a valuable reward for that which was really a contribution to the arts and sciences."

The opinion in this case has been cited by us in the recent case of In re Davies, 73 F.(2d) 495, 22 C.C.P.A. (Patents) 724, a case involving the patentability of a design for an electric light sign, comprising V-shaped stripes in parallel relationship of contrasting colors.

We agree with the Board of Appeals in its conclusion that there is nothing patentably novel in appellant's design. Alternating stripes of color, arranged as they are here, are sufficiently shown by the references. Novelty is claimed in the appearance of the transparent ribbon with colored edges, it being contended that such a design is entirely different in appearance from anything heretofore shown by the art. It cannot be successfully argued that patentability of a design may rest on color alone. It has been well settled in a long line of decisions that color, if an essential feature of a design, must be so defined or connected with some symbol or design "that other manufacturers may know what they may safely do. * * * Whether mere color can constitute a valid trade-mark may admit of doubt. Doubtless it may, if it be impressed in a particular design, as a circle, square, triangle, a cross, or a star. But the authorities do not go farther than this." A. Leschen

& Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U.S. 166, 171, 26 S.Ct. 425, 426, 50 L.Ed. 710. That has been the rule announced by this court. Lufkin Rule Co. v. Master Rule Mfg. Co., 40 F.(2d) 991, 17 C.C.P.A. (Patents) 1227; A. Leschen & Sons Rope Co. v. American Steel & Wire Co., 55 F.(2d) 455, 19 C.C.P.A. (Patents) 851; Weil-McClain Co. v. American Radiator Co., 57 F.(2d) 353, 19 C.C.P.A. (Patents) 1137. In A. Leschen & Sons Rope Co. v. American Steel & Wire Co., supra, in both the original and specially concurring opinions, the authorities on this subject are generally and exhaustively reviewed. The rule was the same in the Court of Appeals of the District of Columbia, our predecessor in this jurisdiction. In re American Circular Loom Co., 28 App.D.C. 446.

The fact that the design here presented shows a transparent portion rather than a stripe of different color, as it seems to us, creates no patentable novelty in the design. The fact that the material upon which the design is placed is in this case transparent, while it may create a more pleasing and beautiful effect, is indistinguishable in principle from a case where the material upon which the design was placed is translucent or opaque.

The decision of the Board of Appeals is affirmed.

Affirmed.