## BOSTON LEATHER SPECIALTY CO. v. VATCO MFG. CO.

### No. 4264.

District Court, D. Massachusetts.

Jan. 2, 1937.

Ezekiel Wolf, of Boston, Mass., for plaintiff.

Frederick A. Tennant and Nathan Heard, both of Boston, Mass., for defendant.

McLELLAN, District Judge.

This is a suit for infringement of a design patent, No. 97,240, granted October 15, 1935, to Hyman Mover, for a design for a radiator cover for automobiles. The plaintiff is the assignee of this patent.

Statements of fact in this opinion may be taken as findings of fact, and statements of law as conclusions of law, in accordance with the equity rules.

In the drawings, which appear below, Figure 1 shows a front elevational view of the radiator cover in a closed position, and Figure 2 presents a like view in an open position.

The cover, as shown in the plaintiff's patent, comprises a shield-shaped piece of leather or similar material, cut so as to cover the lower two-thirds of an automobile radiator. The cover opens in the middle from the top to a point about two-thirds of the distance to the bottom; the opening being equipped with a zipper fastening so that it may be tucked back underneath the rest of the cover, thus making it possible during unseasonably warm weather to expose an additional wedge-shaped section of the radiator, without taking off the entire cover. On such a device, the plaintiff's patent shows two garnishing strips, extending from the upper corners of the cover, to the bottom, and meeting there so as to form a V. When open, the plaintiff's cover presents roughly the appearance of two Vs, one within the other. See Figure 2.

By stipulation, filed November 19, 1936, the defendant has admitted manufacture and sale of radiator covers substantially similar to the one shown in the plaintiff's patent, so that the only question now raised is the validity of the design patent in suit.

Some exercise of the inventive faculty is as essential to the validity of a design patent as to the validity of a mechanical patent. Smith v. Whitman Saddle Company, 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606; Goudy v. Hansen (C.C.A.1st, 1917) 247 F. 782; Whiting Manufacturing Company v. Alvin Silver Company (C.C.A. 2nd, 1922) 283 F. 75; In re Cohn (Cust. & Pat.App.1936) 80 F.(2d) 65; Illinois Watch Case Company v. Hingeco Company (C.C.A.1st, 1936) 81 F.(2d) 41. It is not enough to show that the design has not been anticipated, nor is it enough to show that the design is pleasing and ornamental, and presents a substantial difference to the eye from anything which has gone before. In order to involve an exercise of the inventive faculty,

FIG. 1

FIG. 2

a design must be shown to be beyond the range of the ordinary routine designer. Berlinger v. Busch Jewelry Company, Inc. (C.C.A.2nd, 1931) 48 F.(2d) 812; Nat Lewis Purses, Inc., v. Carole Bags, Inc. (C.C.A.2nd, 1936) 83 F.(2d) 475; In re Walter (Cust. & Pat.App.1930) 39 F.(2d) 724; Fox v. Spiegel (D.C.Conn.1931) 50 F.(2d) 195; Royal Lace Paper Works v. United States Paper Works (D.C.E.D.N.Y. 1935) 11 F.Supp. 15.

I fail to discover here the necessary element of invention. There was no contention that· radiator covers as such were new. The general shape of a radiator cover is determined entirely by the shape of the radiator to which it is to be attached, and varies with different makes of automobiles. The method of opening the cover, while not the only possible means of accomplishing the desired result, was doubtless influenced largely by considerations of convenience and economy. To add to such a cover an ornamental V cannot be said to constitute invention. This conclusion is supported by the fact that a popularly priced car, in common use when the patent was obtained, bore a V-shaped design of metal bars across its radiator, so placed that the bars would fall very nearly underneath the plaintiff's garnishing strips if one of the plaintiff's covers were attached thereto.

In Re Davies (Cust. & Pat.App.1934) 73 F.(2d) 495, 496, an application for a patent for a design for an electric light sign, in the form of a shield having its lower portion presenting the effect of a chevron having four V shaped stripes in parallel relationship, and of contrasting colors, was held to lack invention. The court said:

"We do not undertake here to consider the question of analogous art as the same may relate to design patents, because it is our opinion that invention per se is lacking in the case at bar.

"Appellant's design, after all, when correctly analyzed, presents nothing save alternating lines of a conventional form arranged in conventional shape, and we are unable to discern invention therein."

See, also, Mallinson v. Ryan (D.C.) 242 F. 951, at page 952.

In view of the authorities heretofore cited, it seems unnecessary to discuss the prior art, or to consider the ornamental character of the plaintiff's radiator cover. The patent is invalid for want of invention, and a decree dismissing the bill is to be entered.