**Application of Alfred N. IKNAYAN and Parks M. Nichols.**

**Patent Appeal No. 6491.**

United States Court of Customs and Patent Appeals.

Feb. 9, 1960.

Willard R. Sprowls, New York City (William H. Gross, Detroit, Mich., of counsel), for appellants.

S. Wm. Cochran, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection of the single claim of appellants' application for a patent on a design for a tire.

The claim reads:

"The ornamental design for a tire substantially as shown and described."

The application contains the following statement:

"The characteristic feature of the design in the tire shown resides in the combination of a substantially white sidewall zone adjacent the tire bead and a substantially black tread, with a chromatic sidewall zone extending from adjacent the perimeter of the substantially white sidewall zone to adjacent the edge of the tread."

The following references were relied on:

"Comstock          1,448,286      March 13, 1923.
Muszynski          D–165,098      November 6, 1951.
Mylor et al.       D–178,208      July 3, 1956.
Pep Boys, Summer and Fall 1940, pages 26 and 27, Cornell Clipper Tire."

The essential features of appellants' design are sufficiently described in the quoted statement.

The Muszynski and Mylor et al. patents show tires having tread portions and sidewall portions, each side portion comprising a white band adjacent the bead and a relatively dark portion extending from the white portion to the tread.

The Comstock patent discloses a tire having a tread and a blue sidewall por-

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'Connell, pursuant to provisions of Section 294(d), Title 28 U.S.C.

tion, with a white band around such portion about midway between the bead and the tread, with red lettering on the band.

The Pep Boys publication was not considered by the board or in the brief here for the Commissioner. Since it is at best merely cumulative to the Mylor et al. and Muszynski patents, we shall not discuss it.

The board found the claim unpatentable over the Mylor et al. patent, pointing out that that reference shows a tire of substantially the same shape as appellants', and with a white band adjacent the bead. The board was also of the view there would be no invention in employing a chromatic color for the portion of the sidewall between the white band and the tread in view of Comstock's disclosure of the use of such colors on portions of a tire sidewall.

It is conceded in appellants' brief that "The sidewall configuration shown in the Mylor et al. patent is the same as disclosed in appellants' application." While the tread portion is not shown in detail in the patent, its general outline is indicated as being substantially the same as in appellants' application. We agree with the board that appellants' design presents no material difference in shape over that of Mylor et al., and it follows that the claim distinguishes over the reference only on the basis of coloring. As was held in In re Cohn, 80 F.2d 65, 66, 23 CCPA 766, "It cannot be successfully argued that patentability of a design may rest on color alone."

While the color of the tread portion of the Mylor et al. tire is not indicated, it may reasonably be assumed to be black since that is the color employed almost universally for the treads of automobile tires. The Mylor et al. patent also shows a white band of approximately the same size and location as in appellants' application, but the area between that band and the tread is described merely as "relatively dark" and there is nothing to indicate that it is of a chromatic color.

In our opinion it would be obvious to employ a chromatic color for the outer portion of the sidewall in the Mylor et al.

tire. The Comstock patent shows the use of such colors on tire sidewalls and the precise size and location of the areas to be so colored are merely matters of obvious choice. The general appearance of appellants' tire is quite similar to that of Mylor et al., both as to configuration and size, shape, and position of white and darker areas. Selection of a chromatic color to replace the dark color shown in the patent on the outer portion of the sidewall would not produce any basic alteration or unexpected appearance.

The board also held the appealed claim unpatentable over the Muszynski patent. However, in view of our conclusion, it is unnecessary to consider that ground of rejection. The decision is affirmed.

Affirmed.